Eastern District.
*April,* 1830.

PRUDENCE
*vs.*
BERMODI & AL.

*PRUDENCE vs. BERMODI & AL.*

Those who are not parties to a sale may prove its simulation by parol.

Emancipation, is a donation of the value of a slave.

When the donation is attacked as excessive, and evidence is given that the donor had insufficient property to justify it, it behooves the donee to show that he had.

APPEAL from the court of the parish and city of New Orleans.

The plaintiff claimed her freedom by virtue of an act of sale from Malocher to her late owner, widow Batifol, wherein it was stipulated, that the plaintiff should be emancipated at the death of the vendee. The defendant is the legitimate daughter of Madam Batifol, by a former marriage in the Island of St. Domingo, and resisted the claim of the plaintiff on the ground, that the act of sale from Malocher to her mother, was fraudulent and simulated.— That it was made in consequence of a previous simulated sale of the slave Prudence, in 1814, by Batifol, the husband of her mother to said Malocher, and to which sale, her mother, who was owner of the slave previous to her marriage with Batifol, was no party. The answer

further set forth, that Madame Batifol had two
children by her first marriage; the defendant, and a son who is absent. That she left no pro-
perty but the slave Prudence, and was indebted to the defendants for necessaries furnished previous to her death.

To prove the simulation of the acts, the defendants offered Malocher as a witness; he was objected to by the plaintiff, but the objection was overruled, and the witness sworn. He stated that both acts were fraudulent, simulated, and entered into without any consideration.

Other witnesses testified that Prudence remained in possession of Madame Batifol until her death, which happened about a year previous to the institution of the present action, and that they knew her in possession of Madame Batifol, as owner, previous to her marriage with Batifol. There was judgment for the defendants in the court below, and the plaintiff appealed.

*Pichot*, for appellant, urged the following points for a reversal of the judgment.

1. Because the defendants, who are heirs to the parties to the deeds, could not be permitted to prove simulation. C. C. art. 2233.

2. Because, admitting for argument's sake, that the deeds are simulated, the defendants have failed to prove that they sustained any injury by the simulation. Martin's Rep. 5, n. s. vol. 2, p. 15.

3. Because, supposing the last sale was simulated, the witness introduced, could only prove it simulated, as to himself, and not as to the other party. Mart. n. s. vol. 2 p. 15.

4 But supposing the sale to be a simulated one, it amounted only to a donation, and the heirs have failed to prove that the donation, in case the sale was a feigned one, exceeded the amount of which the owner could dispose. C. C. art. 1480.

5. Because the defendants have not proved that they were creditors of the estate, and failing to do so, are only to be considered as heirs, and in that capacity cannot prove the simulation of deeds to which their ancestor was a party. C. C. art. 2233.

6. Because, if the sale was simulated and a donation, no injury resulted to them, and it stands valid as to heirs, the person who received, not being incapable. C. C. art. 1478, n. s. vol. 5, 693.

*Culbertson*, Contra.

Eastern District.
*April,* 1830.

PRUDENCE
*vs.*
BERMODI & AL.

1. Prudence, the appellant, was the property of widow Batifol and her heirs, long before her marriage to N. Batifol deceased.

2. That sometime after the marriage of the above, *i.e.* in 1814, N. Batifol, without any authorization of his wife, passed a notarial act of sale of Prudence to one Malocher, which act of sale was simulated, false and fraudulent; no consideration was paid by Malocher, and therefore can have no effect in law. Old C. C. p. 264, arts. 31, 33. *Ib.* p. 346, art. 11. Griffin's Executors *vs.* Lopes, Mart. rep. vol. 5, p. 145. Crozets heirs *vs.* Gaudet, Mart. vol. 6, p. 524. Pothier on Obligations, Eng. Ed. vol. 1, p. 24, 25.

3. That even a *bona fide* sale of extra dotal property, without the authorization of its owners, and not turning to their profit and use is null, and cannot disturb the title or right of property in them, *a fortiori,* a simulated one cannot. Old C. C. p. 334, art. 56, 58, 59, 62.

4. That from the fact, that Malocher never had for a moment, either the use, enjoyment or possession of the slave Prudence, but on the contrary, that said Prudence continued to remain in the use and possession of the ancestor of the defendant up to the time of her death, is a

very strong presumption that the act of sale in 1814 of Prudence was simulated and false.

5. That Batifol was no ancestor of the defendant.

6. That, even a *bona fide* sale of a thing, belonging to another, without his legal authorization, is null. Old C. C. p. 348, art. 20.

7. That an engagement without a cause, or which is the same thing, where the cause for which it is contracted is false, the engagement is null, and so is the contract which includes it. Poth. En. Ed. p. 24, vol. 1.

8. That the cause upon which the contract of sale was founded from Batifol to Malocher was repugnant to justice, good faith and morality, and must therefore be annulled and declared void. Poth. E. E. p. 25, vol. 1.

9. Malocher was a good and competent witness to prove that the acts of sale were simulated and false. Griffin's executors vs. Lopes, 5 Mart. 145. Crozet's heirs vs. Gaudet, 6 Mart. 524; Poth. E. E. vol 1, p. 506; Starkie 3 vol. part 4, p. 1737.

10. The act of sale of Prudence in 1814 by Batifol to Malocher being false and simulated, the latter acquired neither title nor any interest or claim to said Prudence, and could not therefore make any disposition of her

11. The defendant is one of the forced heirs and creditor to the amount of her legitime upon the estate of her deceased ancestor. Crozet's heirs vs. Gaudet, 6 Mart. 524; N. C. C. art. 1480.

12. That in the act of 1828 from Malocher to widow Batifol, there is no allusion to, nor any confirmation on her part of the act of 1814, between Batifol and Malocher.

12. The judge *a quo* did not consider it necessary to prove the debts against the deceased widow Batifol after the simulation of the acts of 1814 and 1828, were proved and established by Malocher's evidence.

MARTIN, J. delivered the opinion of the court.

The plaintiff, a slave, claims her freedom from the heirs of her former owner. There was judgment for the latter and she appealed.

The record shows she was once the property of the defendant's mother in Hispanolia, whom she followed to New-Orleans. That her then owner married Batifol, who afterwards sold the plaintiff to Malocher, and afterwards, Batifol being dead, Malocher sold her to her former owner, she stipulating she should be free on the vendee's death.

The defendants contend that Batifol's sale to Malocher was simulated, and had it been a real one, could not have transferred their mother's right to the vendee without her concurrence. That Malocher's sale to their mother was also simulated, and in fraud of their rights as the legitimate children and forced heirs of their mother, who had no property but said slave, and some wearing apparel of very little value.

Batifol's sale is of the 29th of July, 1814, Malocher's of the 18th of December, 1828. The slave always remained with the defendant's mother from the time of their arrival in New Orleans till the death of the latter.

Malocher was sworn as a *witness for the* defendants, and proved both conveyances to be simulated. A bill of exception was taken to his admission. We think the judge did not err. Neither the defendant nor the mother were parties to the first alienation, which was made without her authority, and it cannot be imputed to her, as it is shown that she did not take a counter title. As to the second alienation, from which a ratification of the former is attempted to be implied, if such was the intention of the de-

Those who are not parties to a sale, may prove its simulation by parol.

fendant's mother, it was an act in fraud of their rights, the simulation of which they may be admitted to prove by witnesses, because as they were not parties to it, it cannot be imputed to them they did not take a counter letter.

Further, they have pleaded that their mother had no property, but the slave and some wearing apparel of but little value. If there were other articles of property, it behooved the plaintiff to show it, that it might appear that the value of the slave does not exceed the part of her estate of which the mother might dispose. The emancipation of a slave is a donation of her value to her.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.