PLACIDE LABAUVE and others, Heirs of François Labauve, deceased, *v.* LEUFROY BOUDREAU.

A vendor, without a counter-letter, cannot set up his own fraud and simulation as a ground to annul an act of sale made by him. Nor can his heirs, who have no greater rights than he had. They cannot allege the turpitude of their ancestor for the purpose of enriching themselves.

A judgment in a revocatory action annuls the act attacked so far only as it affects those who sue to annul it. Those who were neither parties nor privies to the proceedings, cannot avail themselves of them.

APPEAL from the District Court of Lafayette, *King*, J.

*I. E. Morse*, for the appellants.

*Voorhies*, for the defendant.

Labauve and others, v. Boudreau.

GARLAND, J. This suit is brought to recover a slave named Michel, whom the plaintiffs allege that their deceased father, by a fraudulent and simulated conveyance, transferred to one Herbert Eastin about twelve years ago, which slave was purchased in 1834, at the sale of his succession, by the defendant. They show, that in a suit of Marie Angel Faustin, their mother, (but as whose heirs they do not sue,) and of another creditor of their father, the sale from him to Eastin was declared simulated, and, as to those parties, revoked, as being in fraud of creditors. Of this revocation the plaintiffs, who sue as the heirs of François Labauve, wish to avail themselves. The defendant alleges various grounds of defence, which it is not necessary to state, as we are of opinion that the plaintiffs are not entitled, on the allegations in their petition, to a judgment. When François Labauve made the alleged fraudulent sale to Eastin, it does not appear that he took any counter letter. Without one, it is certain he could not set up his own fraud and simulation to annul the act. His heirs have no greater rights than he had, and cannot allege the turpitude of their ancestor for the purpose of enriching themselves. 17 La. 118. 3 Mart. N. S. 48. Of the judgment in favor of Marie Angel Faustin and the other creditor, who sued to revoke the sale to Eastin, these plaintiffs have no right to avail themselves. They were not parties nor privies to those proceedings; and we suppose it is well understood, that judgments in revocatory actions only set aside the acts attacked, so far as effects the interests or rights of those who sue to annul them.

*Judgment affirmed.*