J. B. J. LOUIS, f. m. c. *v.* A. RICHARD.

The authorities are not reconcileable on the subject of the right of a party to an act, his heirs and assigns to attack the act for simulation. It is more consonant with general principles that they should not be permitted to do so. But *forced heirs* are to be viewed as third persons, and have the right to attack the act made by their ancestors, on the ground of simultation.

APPEAL from the District Court of Lafayette, *Dupré*, J. *A. De Blanc & Fuselier*, for plaintiff and appellant. *Crow & Gerard*, for defendant.

BUCHANAN, J. Plaintiff purchased of *Pierre Landry* in 1849, by public Act before the Recorder of the parish of Lafayette, a negress, slave for life, named *Marie*, for the price of four hundred dollars cash; the seller reserving to himself the usefruct of the slave sold during his life, and with the further condition that should the slave die before her delivery to the purchaser, her loss should be for the purchaser, without any right on his part to indemnity. In 1856, *Pierre Landry* having died, leaving five children, the plaintiff sues for possession of the slave *Marie* under his contract with the deceased.

The children of *Landry* defend this action on the ground that the sale of *Marie* by their ancestor to plaintiff was simulated, that no consideration was given for the same; that the slave *Marie* was all the property of their father at the time of his death; and that they are forced heirs.

The District Judge gave a judgment annulling the sale. This judgment is founded in part upon testimony of what the seller had said to a witness after the sale, viz: that he had given back to *Jean Louis* the four hundred dollars which he had received from the latter as the price of the slave.

A bill of exceptions was reserved to the admission of proof of those declarations of the vendor out of the presence of the vendee; upon which we do not consider it necessary to express an opinion.

The authorities are not reconcileable on the subject of the right of a party to an act, his heirs and assigns to attack the act for simulation. The case of *Croizet's Heirs* v. *Gaudet*, 6 Martin, 524, seems to recognize the right of the party to the act, as well of his heirs, to plead simulation. On the contrary, the case of *Labauve's Heirs* v. *Boudreau*, 9 Rob. 28, denies that right. We consider the latter doctrine as more consonant with general principles. But the defendants are forced heirs of the deceased *Pierre Landry*, to the extent of two-thirds of his succession; to that extent, they are entitled to be viewed as third persons, in relation to any contract of their father which had the effect of diminishing his succession. The Art. 2456, C. C., makes a presumption of simulation in relation to a sale containing clauses like the present, which may be invoked by these defendants. The burden of proof was upon the plaintiff, in the words of that Art. "to establish the validity of the sale." He has done this to our satisfaction.

It is therefore adjudged and decreed, that the judgment of the District court be amended, that the sale of the slave *Marie* by *Pierre Landry* to plaintiff by act before the Recorder of the parish of Lafayette, of date the 13th September 1849, be rescinded and annulled to the extent of two-thirds; and that plaintiff, be recognized as owner of one undivided third of said slave and her increase

born since said date; that the defendants, children and forced heirs of *Pierre Landry*, be declared owners of two undivided thirds of said slave and her increase. That the cause be referred back to the District Court, for the purpose of making a legal partition between the parties; that the costs of this appeal be borne by the appellees, and that the costs of the District Court be borne, one-half by plaintiff, and one-half by defendants.

MERRICK, C. J. I think the declarations of the parties to an act attacked as fraudulent may be offered in evidence by any person who has the right to make such attack. But as it is necessary that both parties should be shown to be connected with the fraud or simulation, the declaration of one of the parties alone would not make out the case against both.

Whether the burden of proof in this case was in the first instance upon plaintiff or defendant, I am not prepared to say that there are not sufficient circumstances in the record to throw the burden of proof upon the plaintiff to show the reality of the alleged sale. C. C. 2419.

I therefore concur in the decision of my colleagues.