168 So. 513

**BANK OF ABBEVILLE & TRUST CO. v. LYONS et al.**

No. 33353.

April 27, 1936.

Rehearing Denied May 25, 1936.

I. P. Saal, of Gueydan, and Alfred D. Danziger, of New Orleans, for appellants.

F. J. Samson and Nugier & Gordy, all of Abbeville, for appellee.

BRUNOT, Justice.

This is a revocatory action. The appeal is by the defendants, J. Bosman Lyons and J. Roy Theriot, from a judgment annulling a mortgage executed by J. Bosman Lyons in favor of J. Roy Theriot, upon certain property described in the act of mortgage, and decreeing the said property subject to execution and payment of plaintiff's judg-

ment against the defendant J. Bosman Lyons, and taxing the defendants with the costs of the suit.

The plaintiff is a judgment creditor of the defendant J. Bosman Lyons. While the suit of plaintiff against J. Bosman Lyons and his wife was pending, in court, J. Bosman Lyons mortgaged all of the property he possessed that was not exempt from seizure under the homestead exemption, which he had successfully pleaded, to his codefendant, J. Roy Theriot, for an alleged pre-existing indebtedness to his mortgagee, amounting to $6,500. In the plaintiff's suit against Lyons and his wife, judgment was rendered in favor of the plaintiff for approximately $3,000, and otherwise as prayed for in the plaintiff's petition. Failing to obtain a liquidation of the judgment by proceedings which it is not necessary to mention, the plaintiff filed this suit. We quote from the prayer of the plaintiff's petition herein the following:

"Wherefore petitioner prays that the said J. Bosman Lyons and the said J. R. Theriot * * *, be duly cited and served with a copy of this petition; that after the lapse of the legal delays and due proceedings had, that petitioner do have judgment against the said defendants avoiding, annulling and setting aside the mortgage from J. B. Lyons to J. R. Theriot of date November 15, 1932 * * *, decreeing said mortgage to be a sham and a simulation.

"In the alternative and in the event the court should be of the opinion that the said mortgage is not * * * simulated, then that there be judgment in favor of petitioner and against said J. Bosman Lyons and J. R. Theriot annulling and setting aside said mortgage on the ground that same was illegally and fraudulently entered into by said parties, in bad faith * * *, and for the purpose of giving the said Theriot an unfair, unjust, undue and fraudulent preference over other creditors of the said J. B. Lyons, especially petitioner, and decreeing that all of the property described in the mortgage be subject to the payment of petitioner's claim and judgment against the said J. B. Lyons," etc.

For answer, J. R. Theriot alleges that plaintiff has a first lien and mortgage upon certain property owned by J. Bosman Lyons, and that this property should first be discussed and the proceeds applied on the plaintiff's judgment; that the property described in the plaintiff's petition, with one exception, is owned by J. Bosman Lyons, but that said property is undervalued therein; that the mortgage executed by J. B. Lyons in his favor is a bona fide act and was given to secure a good and valuable consideration; and that when said mortgage was executed the mortgagor was not in insolvent circumstances. The answer of J. Bosman Lyons is, in effect, the same as that of J. R. Theriot. In a supplemental and amended petition the plaintiff alleges the following:

"At the time and before the execution of the mortgage by the said J. B. Lyons to the said J. Roy Theriot, the said J. B. Lyons and his wife, Eugenie W. Lyons, judicial mortgage debtors to your petition-

er, were utterly insolvent and unable to pay their debts and that the said J. Roy Theriot well knew of said insolvency and connived with the said J. B. Lyons by means of and through the instrumentality of the said act of mortgage to place property therein described beyond the reach of the creditors of said J. B. Lyons, and especially your petitioner who is injuriously affected thereby and will be unable to collect its said judgment unless said mortgage be set aside and annulled as a fraudulent simulation."

The case was tried on the issues stated, with the result mentioned in the first paragraph of this opinion.

■ A correct decision of the case is entirely dependent upon the court's finding of the facts established by the proof offered in the case. It is a consistently recognized rule that the trial judge's finding of facts is entitled to great weight. In this case the judge rendered an oral opinion, but the judgment itself convinces us that, in the judge's opinion, the plaintiff failed to prove that the mortgage attacked was a simulation pure and simple. Our reading of the record convinces us that J. R. Theriot was a creditor of J. Bosman Lyons for an appreciable sum of money. The rule is that where some actual consideration is paid to and has been received by the vendor or mortgagor, the sale or mortgage is not a simulation.

■ Plaintiff's second contention, that J. B. Lyons was insolvent at the time the mortgage attacked in this suit was exe-

cuted, and that J. R. Theriot knew of his mortgagor's insolvency at that time, presents a far more serious question. We have read the record carefully, and we find that the value of J. Bosman Lyons' properties is fixed principally by his sworn appraisement thereof, and by the valuations placed thereon by two sworn appraisers, at a short and unsuspicious time prior to the filing of this suit. There is no proof, or not sufficient proof, in the record to show that said property enhanced in value during the interim between said sworn appraisements and the trial of this suit. It is further shown that J. Bosman Lyons' liabilities, at the time the mortgage was executed, were pressing, and were considerably in excess of his assets. The allegations in the defendants' answers and their lame attempts to show that the sworn appraisers and J. B. Lyons himself had undervalued his properties at an unsuspicious time are, in our opinion, unavailing. In Harman v. Defatta et al., 182 La. 463, 162 So. 44, 45, this court said:

"Where debtor has insufficient property or means to pay all debts, a transfer made to one of creditors in satisfaction of pre-existing debt is 'unfair preference,' and is considered as having been made in fraud of their rights, on ground that word 'fraud' as used in statutes relating to fraudulent transfers, means any unfair preference which debtor may give to one of his creditors over the others, by selling or mortgaging to him a portion of his property for a debt existing before the contract (Civ. Code, art. 3360)."

For the reasons stated, the judgment appealed from is affirmed, at appellants' cost.

O'NIELL, C. J., absent.