175 So. 763

**SMITH v. KENNON et al.**

No. 34288.

June 21, 1937.

Dan W. Stewart, Jr., and A. S. Drew, both of Minden, and Lyons & Prentiss, of Shreveport, for appellant.

Smitherman & Smitherman, of Shreveport, for appellee G. H. Vaughan Drilling Co.

John T. Campbell and R. D. Watkins, both of Minden, for appellees Kennon heirs.

Liskow & Lewis, of Lake Charles, amicus curiæ.

ODOM, Justice.

Plaintiff prosecutes this appeal from a judgment dismissing his suit on exceptions of no cause of action.

The facts disclosed by his petition are that on August 10, 1933, Walter, Wimberly, Clover, and Berther Kennon and Dianah Kennon Franks, who are joint owners of 80 acres of land in Webster parish, executed in his favor an oil and gas lease thereon, the lease to extend over a period of five years from its date; a certified copy of the lease contract being attached to and made a part of the petition. The lease contract recites that for the consideration of $40 cash, in hand paid, "and other good and valuable considerations," the lessors "granted, demised, leased and let * * * unto the said lessee, for the sole and only purpose of mining and operating for oil and gas, and laying pipelines and building tanks, power stations and structures thereon to produce, save and take care of said products, all that certain land situated in the Parish of Webster, State of Louisiana, described as follows: South West 4 of North East 4 and North West 4 of South East 4 of Section Thirty five Township Eighteen, Range Nine, West Containing 80 acres, more or less."

It is stipulated that the lease shall remain in force for five years "(hereinafter called 'primary term'), and as long thereafter as oil, gas or either of them is produced from said land by Lessee or the obligations in lieu of production are fulfilled." The contract contains the usual oil and gas royalty clauses and provides that if drilling operations are not commenced on the said land by August 10, 1934, one year from the date of the lease, "this lease shall then terminate as to both parties, unless Lessee shall pay or tender to Lessor or to the credit of Lessor in Peoples Bank and Trust Co., Bank at Minden La., (which bank is Lessor's agent) the sum of Forty & No/100 (40.00) Dollars ($40.00) (hereinafter called 'rental'), which shall extend for twelve months the time within which drilling operations may be commenced. Thereafter, annually, in like manner, and upon like payments or tenders, the commencement of drilling operations may be further deferred for periods of twelve months during the primary term."

The petition shows that on August 18, 1933, ten days after the lease was made, the lessee, plaintiff here, sold the lease to another in so far only as it covered the NW¼ of the SE¼ of section 35, township 18 north, range 9 west. The lease contract provides that in case it should be assigned "as to a part or as to parts of the above described lands and the assignee or assignees of such part or parts shall fail or make default in the payment of the proportionate part of the rents due from him or them, such default

shall not operate to defeat or affect this lease in so far as it covers a part or parts of said lands upon which said Lessee or any assignee thereof shall make due payment of said rental."

The lessee having assigned the lease in so far as it covered the NW¼ of the SE¼ of section 35, he thereafter owned it only in so far as it covered the SW¼ of the NE¼ of said section, and the amount thereafter to be paid by him as delay rental was $20 per annum instead of $40.

In paragraph 5 of plaintiff's petition he alleged that on August 6, 1934, which was four days less than one year from the date of the lease, he deposited in the Peoples Bank & Trust Company of Minden, La., the sum of $20 to the credit of the lessors, Wimberly Kennon, Berther Kennon, Walter Kennon, Dianah Franks, and Clover Kennon, "which deposit was accepted by said bank on said date"; the deposit having been made "as the delay rental provided for in the lease * * * and for the purpose of continuing said lease in full force and effect, as to the said Southwest Quarter of Northeast Quarter (SW¼ of NE¼), for period of August 10, 1934, to August 10, 1935."

In paragraph 6 of his petition plaintiff alleged that on August 9, 1935, he deposited the sum of $20 to the credit of Walter Kennon, Clover Kennon, Berther Kennon, and Wimberly Kennon, as delay rental called for by the lease and for the purpose of continuing it in full force and effect as to the SW¼ of NE¼ of said section for the period of one year from August 10, 1935, to August 10, 1936.

We note that according to the petition this latter deposit was made to the credit of only four of the five lessors. But the reason for this is explained in paragraph 7 of the petition, which recites that at the time the lease was made Dianah Kennon Franks, one of the co-owners, orally requested plaintiff to pay to the other lessors signing the lease "all delay rentals that plaintiff may elect to make, under the terms of said lease."

The suit was filed on July 18, 1936, which was before the end of the period to which the lease had been extended by the payment of delay rentals, according to the petition.

Paragraph 9 of the petition reads as follows: "That the oil and gas lease executed in favor of plaintiff, described in Paragraph 1 hereof, is in full force and effect."

In paragraph 3 of the petition it is alleged that on December 6, 1935, Clover Kennon, Walter Kennon, D. A. Kennon Franks (who is the same person as Dianah Kennon Franks referred to above), and Berther Kennon executed a purported oil and gas lease in favor of the G. H. Vaughn Drilling Company, covering that part of the above land described as the SW¼ of the NE¼, section 35, township 18 north, range 9 west, containing 40 acres more or less; this being that portion of the 80 acres leased to plaintiff on which he had retained the lease. A certified copy of said purported lease was attached to and made part of the petition. In paragraph 4 it is alleged that on December 16, 1935, W. L. Kennon (who is the same person as Wimberly Kennon above referred to) executed an oil and gas lease to the G. H. Vaughn Drilling Company

similar to that described in paragraph 3, a copy of which is attached to and made part of the petition.

So that, according to the petition, while plaintiff's lease was still in full force and effect as to the SW¼ of the NE¼, the same persons who granted the lease to him granted a similar oil and gas lease on the same land to another party. By referring to the lease contracts granted to the G. H. Vaughn Drilling Company, we find that, as alleged, they are executed by the same land-owners who had, on August 10, 1933, leased the land to plaintiff for the same purpose, that is, for exploring it for oil and gas and the reduction of those minerals to possession and ownership. The reason, apparently, why there were two leases made to the Vaughn Drilling Company was that four of the five co-owners of the land lived in Webster parish, La., and the other lived in Oklahoma. The leases covered the same land and are identical in terms. The only difference is in the dates, the one executed in Louisiana being dated December 6, 1935, and the one executed in Oklahoma dated December 16, 1935.

Comparing the lease contracts given to the Vaughn Drilling Company in December, 1935, with the one given plaintiff by the same land owners on August 10, 1933, we find that they are identical except as to dates, the cash consideration paid, the amount of delay rentals to be paid in order to extend them to the end of the primary period, which is five years in each case, the name of the lessee and the number of acres conveyed, the lease made to plaintiff covering 80 acres and those made to the Vaughn Drilling Company only 40 acres.

It is alleged that the leases executed in favor of the Vaughn Drilling Company are null and void "and constitute a cloud upon the title of plaintiff to his said lease"; that plaintiff "has made amicable demand upon defendants to remove the cloud to the title of plaintiff's said lease, without avail"; and that "the slander of the title to petitioner's said lease by defendants has caused damage and injury to petitioner for attorneys' fees, in the sum of Twenty Five Hundred & No/100 ($2500.00) Dollars."

Plaintiff makes the landowners and the G. H. Vaughn Drilling Company parties defendant and prays that they be cited to appear and answer and that after trial there be judgment:

"In favor of plaintiff, H. W. Smith, and against said defendants recognizing that certain oil and gas lease executed on August 10, 1933, by Wimberly Kennon, Berther Kennon, Clover Kennon, Dianah Kennon Franks and Walter Kennon in favor of H. W. Smith, plaintiff, insofar as said lease covers the land situated in Webster Parish, Louisiana, described as:

"Southwest Quarter of Northeast Quarter (SW¼ of NE¼) Section Thirty-five (35) Township Eighteen (18) North, Range Nine (9) West, containing 40 acres, more or less * * * to be in full force and effect; and declaring null and void" the leases executed by the landowners to the Vaughn Drilling Company.

On September 8, 1936, the G. H. Vaughn Drilling Company, through counsel, excepted to plaintiff's petition on the ground that it failed to set out a cause or right of action. On the following day the lessors,

through counsel, filed similar exceptions. These exceptions were overruled by the court on October 9 and a preliminary default was entered. Answers were filed by all parties defendant on October 20, 1936.

On January 22, 1937, a motion for a new trial was filed and granted, and on the same day the court sustained the exceptions and dismissed plaintiff's suit.

In the formal judgment signed by the trial judge sustaining the exceptions of no cause and no right of action, it is stated that the reason for granting the new trial and for reversing the former ruling on the exceptions was that the former ruling was contrary to the ruling of this court in the case of Gulf Refining Co. v. Glassell et al., 186 La. 190, 171 So. 846, 854. The Glassell Case was decided on November 4, 1936, and a rehearing was refused on December 21, 1936. That was after the judge had overruled the exceptions. When his attention was called to the Glassell Case, he reversed his ruling.

The trial judge is mistaken in his view that the ruling in the Glassell Case is decisive of the issue involved in the present litigation. That case has no application whatever here. In that case the plaintiff had an' ordinary oil and gas lease like the one in the present case on certain real estate and brought a petitory action against an alleged trespasser on the land. The application for rehearing was refused, with a per curiam written by the same justice who wrote the opinion, in which per curiam it is stated:

"We simply held that a lessee of the usual mineral or gas and oil lease has no real right in or servitude on the leased land and is not a judgment creditor type obligee and therefore cannot, in his own right or name, institute a petitory or possessory action."

That statement made clear the scope or extent of the holding. And in order to further clarify the opinion and obviate confusion it was further stated in the per curiam:

"We made no attempt to make an exclusive list of the remedies such a party is entitled to under the law, nor to confine the remedy to an action for damages only."

This is not a petitory action. The main purpose of the suit is to obtain judgment recognizing that plaintiff's lease is still in full force and effect in so far as it covers the SW¼ of the NE¼ of section 35, township 18 north, range 9 west. The fact that the landowners executed a second lease on the same land in favor of another after the lapse of two years from the date of the first lease, granting to the second lessee the identical privileges granted to the first, indicates, if it does not conclusively show, that the landowners considered that the first lease had expired and intended to repudiate it. In fact, in the answer filed by the defendants after the court overruled the exceptions originally, they alleged "that the lease executed in favor of plaintiff H. W. Smith, has terminated and is null and void and of no force and effect by reason of the failure of plaintiff to pay delay rentals as provided for and in accordance with the terms of the said lease." No doubt plaintiff knew before and when he filed his suit

that this was or would be the contention of the landowners.

By executing the lease to plaintiff the landowners granted to him or his assigns the right to go upon their land and to extract therefrom gas and oil, to reduce the same to possession and ownership, and obligated themselves to permit him to exercise that right at any time within five years, provided he complied with the terms and conditions stipulated in the contract. Plaintiff alleges that he has complied with these conditions, that his rights still exist, that the landowners are still obligated to perform that which they promised.

The landowners, by a subsequent lease contract having granted identical rights to another, have, in effect at least, said to plaintiff that they are no longer obligated to him and will not permit him to exercise the right which he claims. By making the second lease, they have repudiated their contract with plaintiff. Plaintiff, therefore, has a personal action against the landowners to have it judicially determined whether or not his lease contract is still in full force and effect. Code Prac. arts. 1, 2 and 3.

"Every obligation gives, impliedly, a right of action to enforce its execution." Code Prac. art. 14.

In the briefs filed by defendants it is stated that the exceptions of no cause of action were based, in part, upon the failure of plaintiff to allege that he paid the delay rentals to all the lessors; the name of Dianah Kennon Franks, one of the lessors, being omitted. This gives rise to the contention that if the lease was not in effect as to one of the lessors, it was not in effect

as to the others. We have already stated that we took notice of the fact that plaintiff did not allege that he paid or tendered to Dianah Kennon Franks the delay rental in 1936, but did allege that the reason for not making payment or tender to her was that she had authorized him to make such payments to the other four lessors. This allegation, we think, saves the petition from the attack made upon it in this respect.

Plaintiff's petition, in so far as it is a demand or action to have his lease judicially recognized, sets out a cause of action. The same, however, cannot be said as to his further demand that the second or Vaughn lease be canceled. If plaintiff's lease is still in full force and effect, the second or subsequent lease cannot affect his rights. The landowners granted to each of the lessees identical rights, which rights cannot exist simultaneously in favor of two different persons. If plaintiff's lease is yet in effect, the rights granted by it necessarily prime similar rights attempted to be granted under the second lease, because of its prior date and recordation in the conveyance records.

The rule that, if a petition sets out a cause of action as to any point, it will not be dismissed on exception of no cause of action, is well recognized.

For the reasons assigned the judgment sustaining the exception of no cause of action and dismissing plaintiff's suit against the lessors to have his lease recognized is reversed and set aside. It is affirmed in so far as the Vaughn Drilling Company is concerned; and it is now ordered that the exceptions filed by the lessors be and are

overruled, and that the case be remanded and reinstated on the docket of the Twenty-Sixth judicial district court for the parish of Webster, to be there proceeded with according to law and the views herein expressed. Costs of this appeal are to be paid by appellants and all other costs to await final results.