96 So.2d 502

**Amalia Steen SPIERS**

v.

**Carrie Moore DAVIDSON.**

No. 42866.

June 10, 1957.

Alwine L. Mulhearn, Tallulah, Theus, Grisham, Davis & Leigh, Monroe, for plaintiff-appellant.

McHenry, Lamkin, Snellings & Breard, Monroe, Young & Watson, St. Joseph, for defendant-appellee.

HAWTHORNE, Justice.

This appeal is from a judgment of the lower court dismissing the suit of Mrs. Amalia Steen Spiers on numerous exceptions and pleas filed by defendant, Mrs. Carrie Moore Davidson, these being exception of no cause of action, exception of no right of action, pleas of prescription of one, four, and five years, exception of want of tender, and plea of estoppel. Appellant contends that the district judge erred in sustaining the exceptions of no cause and no right of action, want of tender, and plea of estoppel to her suit to set aside an act of sale by her mother, now deceased, to the appellee on the ground that it was a pure simulation.

The lengthy petition, which contains over 50 paragraphs, purports to allege numerous other causes of action besides the one in simulation. For instance, in the petition plaintiff sought to set aside the deed on the ground of lesion beyond moiety, to have it annulled as a donation in dis-

guise, to have the act of sale reformed, to recover a money judgment for the amount paid on a mortgage on certain property, etc. Some of the exceptions and pleas which were sustained by the trial judge were aimed at these other causes of action. Appellant now, however, has abandoned all of these various causes of action except the one in simulation, which was pleaded in the alternative, and stated emphatically in argument before this court that she relies solely and entirely on this cause of action. Consequently the only question presented to us on this appeal is the correctness of the trial judge's ruling on the exceptions and pleas aimed at plaintiff's action to declare a simulation.

■ It is well settled that an exception of no cause of action addresses itself to the sufficiency in law of the petition and is triable on the face of the papers; that for the purpose of determining the issues raised by such an exception the well pleaded facts contained in the petition must be accepted as true; and that a suit will not be dismissed on exception of no cause of action if allegations of fact set forth a cause of action as to any part of the demand. Smith v. Kennon, 188 La. 101, 175 So. 763; Adkins' Heirs v. Crawford, Jenkins & Booth, 200 La. 561, 8 So.2d 539; Ingersoll Corporation v. Rogers, 217 La. 79, 46 So.2d 45; Kennedy v. Perry Timber Co., 219 La. 264, 52 So.2d 847; Ane v. Ane, 225 La. 222, 72 So.2d 485.

The following facts are alleged in the petition: That appellant is the only child of the marriage between Mrs. Alice Moore Steen and William J. Steen, both deceased, and is their sole heir; that on June 13, 1943, Mrs. Alice Steen conveyed certain real estate described in the petition to her sister, the appellee, and this deed is duly recorded; that in this deed the vendee, Mrs. Carrie Moore Davidson, assumed the balance of $4,375 due on a promissory note secured by a mortgage on the property conveyed, which had been executed by the vendor on June 4, 1941; that this note was originally for $5,000 and was payable $125 quarterly; that the last installment fell due on June 4, 1951, and there was a complete cancellation of the mortgage on this date; that no cash consideration for the purported sale was paid by Mrs. Davidson or intended to be paid, and the conveyance was a mere simulation made by the vendor to avoid the payment of certain debts and obligations which she owed at the time; that the real estate conveyed was revenue-producing property, which was continuously rented and occupied both before and after the execution of the deed; "that the true agreement made whereunder the property was deeded to Mrs. Davidson was that Mrs. Davidson would collect the rents and manage the property. That Mrs. Davidson would support Mrs. Stein [Steen] from the rents and revenues of the property, that Mrs. Davidson would pay off

the mortgage creditors, that Mrs. Davidson would pay the necessary insurance, taxes etc., and other [sic] that Mrs. Davidson would account for the rents and revenues from the property as against the payment of the mortgage and the payment of support and other necessary expenditures to Mrs. Alice Steen or on Mrs. Alice Steen's death would account to Amalia Steen, and return to [the] property on the mortgage being paid off and the expenses being paid off from the income therefrom" (Paragraph 41, petition); that Mrs. Davidson was to meet the notes as they came due on the property, and was also to pay Mrs. Steen $250 per month from the proceeds of the property; and that she made the payments to Mrs. Steen until the latter's death on June 5, 1948.

■ Thus, in substance, the petition alleges that to defraud her creditors Mrs. Steen in 1943 pretended to sell the real estate in controversy to her sister, Mrs. Davidson, but that the true intention of the parties was that no transfer should take place, that the property should remain that of Mrs. Steen, that the mortgage apparently assumed by Mrs. Davidson and all taxes and repairs were to be paid out of the rents collected on the property, and that at some future appropriate time Mrs. Davidson was to reconvey the real estate to her sister or niece. In short, no title was to pass, and no consideration was to be paid.

Upon these facts appellant alleges that the conveyance was a simulated one which she as a forced heir has a right to annul by parol evidence under Article 2239 of the Louisiana Civil Code. That article provides:

"Counter letters can have no effect against creditors or *bona fide* purchasers; they are valid as to all others; but forced heirs shall have the same right to annul absolutely and by parol evidence the simulated contracts of those from whom they inherit, and shall not be restricted to the legitimate [legitime]."

■ As conceded by counsel for appellee, a simulated contract is one which has no substance at all, or is purely fictitious and a sham, an act of mere pretense without reality. Such a contract, although clothed in concrete form, is entirely without effect and may be declared a sham at any time at the demand of any person in interest. See Houghton v. Houghton, 165 La. 1019, 116 So. 493; Hibernia Bank & Trust Co. v. Louisiana Avenue Realty Co., 143 La. 962, 79 So. 554; Lemann, Some Aspects of Simulation in France and Louisiana, 29 Tul.L.Rev. 22 (1954).

In the instant case appellant, a forced heir, has alleged these elements of a simulation: The act of sale executed by her mother is valid on its face and recites a con-

sideration, but the intention of the parties to the act was that the ownership of the property was to remain in the vendor. The property was not to be transferred in fact, and the recited consideration was not in fact to be paid. In other words, she has alleged that the act of sale was a sham. See Lawrence v. Claiborne, 215 La. 785, 41 So.2d 680. In our opinion appellant has therefore alleged facts showing that her deceased mother and the appellee entered into a simulated contract within the meaning of Article 2239 of the Civil Code, and consequently she has stated a cause of action under this article.

■ We wish to make it clear that in considering and discussing the exception of no cause of action it has not been our intention to express any opinion on the merits of this case. Whether appellant can establish by strong, convincing, and legal evidence that the act of sale was simulated remains for future determination. See Miller v. Miller, 226 La. 273, 76 So.2d 3; Dietz v. Dietz, 227 La. 801, 80 So.2d 414.

■ Counsel for appellee call our attention to the well established jurisprudence holding that when the price, no matter how inadequate, has been paid by the purchaser in a sale, the transaction is not a simulated one. See Citizens' Bank & Trust Co. v. Willis, 183 La. 127, 162 So. 822, and authorities there cited; Succession of Nelson, 224 La. 731, 70 So.2d 665; Bank of Abbe-

ville & Trust Co. v. Lyons, 185 La. 117, 168 So. 513; Byrd v. Pierce, 124 La. 429, 50 So. 452; Succession of Quaglino, La., 95 So.2d 481. Counsel then state that the petition admits the payment by Mrs. Davidson of the balance due on, and the cancellation of, the mortgage which she assumed in the act of sale, and additionally admits payment by Mrs. Davidson to Mrs. Steen of $250 a month for a period of five years, or some $15,000.

This argument is without merit in view of the additional allegation that these payments were to be made from the revenues produced by the property, title to which, under the agreement between the parties to the act and according to their alleged true intention, never passed to Mrs. Davidson but remained in Mrs. Steen. Thus under appellant's theory the funds with which all these payments were to be made were revenues from Mrs. Steen's own property and belonged to her. Accordingly the petition, when considered as a whole, does not allege that any consideration was paid by Mrs. Davidson.

■ With reference to the exception of no right of action and plea of estoppel, appellee says that the allegations of the petition disclose that appellant has unconditionally accepted the succession of her mother, Mrs. Steen, and that accordingly she is unconditionally bound for all of her mother's obligations and particularly is bound by Mrs. Steen's warranty of title of

this property in the authentic act of sale offered in evidence in support of these exceptions. See Art. 2236, La.Civ.Code. Appellee states further that under these circumstances appellant, claiming as an heir, has no right of action and is·estopped from attacking appellee's title.

A similar argument was rejected by this court over 100 years ago. In the case of Croizet's Heirs v. Gaudet, 6 Mart., O.S., 524, the court held that forced heirs are not bound by the authentic acts of their ancestor if these acts deprive the heirs of their legitime, and that furthermore forced heirs can attack such instrument by parol evidence. Thus prior to 1884 forced heirs had a right under the jurisprudence to attack by parol evidence simulated conveyances by their ancestor to the extent that such conveyances prejudiced their legitime. See Prudence v. Bermodi, 1 La. 234; Louis v. Richard, 12 La.Ann. 684. The passage of the 1884 amendment to Article 2239 of the Civil Code went one step further, as it gave forced heirs the right "to annul absolutely and by parol evidence the simulated contracts of those from whom they inherit, *and shall not be restricted to the legitimate* [legitime]". (Emphasis added.) See Lemann, Some Aspects of Simulation in France and Louisiana, 29 Tul.L.Rev. 22 (1954).

To say that forced heirs are bound by the warranty of title in an authentic act which they seek to set aside on the ground of sim-

ulation would, in effect, be denying to them the very right which Article 2239 gives to them. Therefore, as to appellant's suit in declaration of simulation, the exception of no right of action and the plea of estoppel are without merit and should have been overruled.

■ Appellee also contends that the exception of want of tender was properly sustained by the lower court. In this connection appellee argues that the petition admits the expenditures by Mrs. Davidson of approximately $20,000 in payment of the debts of Mrs. Steen and in her support, and that consequently appellant cannot maintain this action without tender to Mrs. Davidson of these sums as a condition precedent to her suit.

As we have pointed out, according to the allegations of the petition the funds so expended were to be derived from Mrs. Steen's own property and belonged to her. Moreover, the exception of want of tender cannot validly be urged in an action under Article 2239 to declare a simulation because the basis of such an action is that no consideration has been paid by the defendant, and if such tender were made, the plaintiff would be out of court.

For the reasons assigned the judgment of the district court sustaining exceptions of no cause of action, no right of action, want of tender, and plea of estoppel as to plaintiff's cause of action in declaration of sim-

ulation is reversed and set aside, and the case is remanded to the district court for further proceedings in the suit to have the act of sale set aside on the ground that it was a simulation. Costs of this appeal are to be paid by appellee; all other costs are to await final determination of the case.