PICKETT, Judge.
The plaintiffs, Williams Marine Transport, Inc., Tri-W Towing Company and Greenville Towing Co., Inc., corporations organized and existing under the laws of the State of Mississippi with their principal place of business in Greenville, Mississippi, instituted this action against the Louisiana Tax Commission, in which they seek to have a tax assessment for the year 1973 declared unconstitutional, and to have the assessment cancelled. By supplemental petition plaintiffs, also, seek to have a tax assessment for the year 1974 declared illegal, null and void for the alleged reason that it is likewise unconstitutional. The defendant answered plaintiffs’ original and amending petitions with a general denial of plaintiffs’ right to the relief sought; with affirmative averments that the tax assessments challenged by plaintiffs are proper exercises of the taxing power of the State of Louisiana, and do not violate the United States Constitution. Thereafter, the defendant filed a peremptory exception of no cause of action. The suit of plaintiff, Greenville Towing Company, Inc., was dismissed on its own motion. The trial court sustained defendant’s exception of no cause of action and dismissed plaintiffs’ suit. Plaintiffs, Williams Marine Transport, Inc. and Tri-W Towing Company, Inc., have appealed devolutively.
Our jurisprudence is well settled that in resolving issues raised by an exception of no cause or right of action, all well pleaded facts must be accepted as true. Spiers v. Davidson, 233 La. 239, 96 So.2d 502; Elliott v. Dupuy, 242 La. 173, 135 So.2d 54.
The following facts are alleged in appellants’ original and supplemental petitions: The appellants are foreign corporations whose principal place of business is Green-ville, Mississippi. Their business consists solely of interstate commerce. They tow cargo laden barges for themselves or others from outside the State of Louisiana to the ports of Baton Rouge and New Orleans. Counsel for appellants conceded at the hearing on the peremptory exception, and stipulated in their brief to this court, that their vessels not only carry cargo to the Louisiana ports, but that they pick up cargoes in Louisiana to be carried back up the Mississippi River, out of the*State of Louisiana. Appellants have no offices, agents or employees in Louisiana; they are not authorized to do business in the State, and they own no property in Louisiana. All cargoes are solicited from outside of Louisiana. The Louisiana Tax Commission levied an ad valorem personal property tax on the barges and tugboats used by appellants on the navigable waters of the State of Louisiana for the years 1973 and 1974.
The appellants claim these assessments on their personal property used in interstate commerce violate the Due Process Clause of the Fourteenth Amendment, and the Commerce Clause of the United States Constitution. They contend their personal property used in interstate com *31 merce is immune from taxation by the State of Louisiana because they do not maintain minimum contacts with the State in the form of an office, agent, representative or employee within Louisiana, so as to be deemed to be doing business in' the State.
The defendant contends the assessments complained of by the appellants were properly made pursuant to R.S. 47:1984, Act No. 59 of 1944, and that the right of the State of Louisiana to impose an ad valo-rem tax on barge lines operated in the manner appellants operated their barge lines was conclusively settled by the United States Supreme Court in Ott v. Mississippi Valley Barge Line et al., 336 U.S. 169, 69 S.Ct. 432, 93 L.Ed. 585 (1949). Defendant points out that the assessments in the instant case were made as aforesaid under Act No. 59 of 1944 which is the same Act that was before the Court in the Ott case.
The appellants point out that there is a fundamental difference in the facts in the instant case and the facts in the Ott case. In the Ott case each of the owners of the barge lines involved had an office in the State of Louisiana, but in the instant case neither of the appellants had an office, agent, representative or employee in Louisiana. Therefore, they argue that the Ott case did not dispose of all the issues involved in the instant case. The appellants list three requirements, which they contend are necessary to justify the imposition of an ad valorem tax on personal property engaged in interstate commerce, as follows:
“(1) The taxpayer must maintain such minimal contacts within a state so as to be deemed doing business in the state for tax purposes; (2) the property sought to be taxed must have acquired a taxable situs within the taxing state; (3) the tax must be properly apportioned so that it bears a relation to the benefits afforded by the taxing state.”
Appellants concede the Ott case disposed of the second and third requirements listed above. They admit their personal property has acquired a tax situs in Louisiana and that the tax is properly apportioned: But the appellants argue they have not maintained minimum contacts with the State of Louisiana in the form of an office,'agents or employees within the State so that they could be deemed to be doing business in Louisiana. In support of their contention, appellants point out that the Supreme Court in the Ott case stated that each of the plaintiffs had an office or agent in Louisiana. However, the Supreme Court made no further mention of the fact that each of the plaintiffs had an office or agent in Louisiana. R.S. 47:1984, the statute the Court had under consideration in the Ott case, makes no mention of the exemption from taxation of those who have no office or agents in Louisiana. The Court was bound to construe the statute as written. Arkansas Oak Flooring Co. v. Louisiana and Arkansas Ry. Co., 5 Cir., 166 F.2d 98. We conclude the Supreme Court in the Ott case did not consider the fact that each of the plaintiffs had an office or agent in Louisiana fundamental to the decision of the Court.
In further support of their position the plaintiffs cite Atlantic & Pacific Telegraph Co. v. City of Philadelphia, 190 U.S. 160, 23 S.Ct. 817, 47 L.Ed. 995 (1903), and Spector Motor Service, Inc. v. O’Conner, 340 U.S. 602, 71 S.Ct. 508, 95 L.Ed. 573 (1953). However, both of these cases involve a privilege tax, and, therefore, are not apposite to the instant case which involves an ad valorem tax. Appellants cite National Bellas Hess, Inc. v. Department of Revenue, 386 U.S. 753, 87 S.Ct. 1389, 18 L.Ed.2d 505 (1967), and other cases involving use taxes. Privilege and use taxes are not in issue here. Defendant-appellee in the instant case is claiming an ad valorem tax, and not a use, or privilege tax. The Supreme Court of the United States in Pullman’s Palace Car v. Commonwealth of Pennsylvania, 141 U.S. 18, 11 S.Ct. 876, 35 L.Ed. 613 (1891) commenting on this issue, said:
“Much reliance is also placed by the plaintiff in error upon the cases in which *32 this court has decided that citizens or corporations of one state cannot be taxed by another state for a license or privilege to carry on interstate or foreign commerce within its limits.
But in each of those cases the tax was not upon the property employed in the business, but upon the right to carry on the business at all, and was therefore held to impose a direct burden upon the commerce itself.” (Citations omitted)
* * * * * *
“The tax now in question is not a license tax or a privilege tax; it is not a tax on business or occupation; it is not a tax on or because of the transportation or the right of transit of persons or property through the state to other states or countries. The tax is imposed equally on corporations doing business within the state, whether domestic or foreign, and whether engaged in interstate commerce or not. The tax on the capital of the corporation, on account of its property within the state is, in substance and effect, a tax on that property.”
In the Pullman’s Palace Car Company case, supra, the Court made the following comments:
“For the purpose of taxation, as has been repeatedly affirmed by this court, personal property may be separated from its owner; and be taxed on its account at the place where it is, although not the place of his own domicile, and even if he is not a citizen or a resident of the state which imposes the tax.” (Emphasis supplied and citations omitted)
* * * * * *
“It is equally well settled that there is nothing in the constitution or laws of the United States which prevents a state from taxing personal property employed in interstate or foreign commerce like other personal property within its jurisdiction.”
The United States Supreme Court has consistently confirmed the rightful power of a state to levy and collect taxes on personal property, whether used in interstate commerce or otherwise, found within its territorial limits, if and when it chooses, by appropriate legislation. See Marye v. Railroad Co., 127 U.S. 117, 8 S.Ct. 1037, 32 L.Ed. 94.
Our review of the authorities cited by appellants fails to convince us that a nonresident owner’s personal property, used in interstate commerce within the boundaries of Louisiana, is not subject to an ad valo-rem tax, unless such nonresident has an office or agent in the State. The test, as was appropriately pointed out by the trial judge in his written reasons for judgment in the instant case, to determine whether a state ad valorem tax on personal property used in interstate commerce is constitutional is found in Ott v. Mississippi Valley Barge Line Co., supra, as follows:
“The problem under the Commerce Clause is to determine ‘what portion of an interstate organism may be appropriately attributed to each of the various states in which it functions.’ Nashville, C. & St. L. R. Co. v. Browning, 310 U.S. 362, 365, 60 S.Ct. 968, 970, 84 L.Ed. 1254. So far as due process is concerned the only question is whether the tax in practical operation has relation to opportunities, benefits, or protection conferred or afforded by the taxing State. See Wisconsin v. J. C. Penney Co., 311 U.S. 435, 444, 61 S.Ct. 246, 249, 85 L.Ed. 267, 130 A.L.R. 1229. Those requirements are satisfied if the tax is fairly apportioned to the commerce carried on in the State.”
For the reasons herein set forth, and based upon the authorities cited, we are of the opinion that the tax in question is constitutional and valid. Appellants do not complain of any error in the apportionate of the assessment. We find no error in the judgment appealed from.
For the foregoing reasons, the judgment of the trial court is affirmed; the appellants to pay all costs of this appeal.
Affirmed.