Allegations of fact made by plaintiff, Ellen Barrett, in the petition of this cause in which her nephew by marriage, Rufus Barrett, is the defendant, are as follows:
"That on September 8, 1937, petitioner was the owner of Lot Fifty-three, (53) of Ten Acre Lot Twenty (20) of the Coulter Subdivision, Shreveport, Caddo Parish, Louisiana, and improvements.
"That on said date petitioner entered into a contract recorded September 16, 1938, in Conveyance Book 377, page 845 of the Conveyance Records of Caddo Parish, Louisiana, by which Rufus Barrett agreed to erect a residence on the above described premises and by which petitioner transferred to the said Rufus Barrett the above described property, for the principal and prime consideration that your petitioner would have the use and habitation of the above described property and the premises thereon to be erected.
"That accordingly the defendant proceeded to remove and destroy the house theretofore existing on said premises of a value of not less than Two Hundred No/100 ($200.00) Dollars, and also proceeded to remove and destroy trees located on the said property of a value of not less than One Hundred No/100 ($100.00) Dollars and erected thereon a residence.
"Petitioner further shows that the defendant, Rufus Barrett, failed and refused to give petitioner the use and habitation of said premises and instead proceeded to take possession of the premises for his own use and benefit."
The prayer of plaintiff is that she be granted judgment annulling and setting aside the mentioned instrument of *Page 382 
conveyance and restoring her to the complete ownership of the described property, and condemning defendant to pay her the sum of $300.
In answering, defendant "avers that said deed recorded in Conveyance Book 377, page 845 of the Records of Caddo Parish, Louisiana, is the best evidence of what it contains and of the agreement between the plaintiff and defendant." He further avers a full compliance with the obligation undertaken by him.
Following a trial on the issues created by the pleadings, but before a decision was rendered, defendant filed exceptions of no cause and no right of action. These were referred to the merits of the case.
The judgment of the district court decreed that "the demands of plaintiff be rejected with costs, and with reservation of her right to use and habitation." She appealed.
Plaintiff, so the record shows, is an aged, unmarried negro woman, at least 65 years old. She has no children or other persons dependent on her, and is without any income except that obtained from washing and ironing clothing.
Prior to September 8, 1937, she occupied a large, dilapidated, old house situated on the lot measuring 30' x 120' that is described in the petition and which she owned. On that date the herein assailed deed, conveying such property to the defendant nephew, was executed by her and the transferee.
It was recited in the instrument that the sale was made for the consideration of $150 cash in hand paid, and further that "vendee hereby agrees and obligates himself to build a residence on the above described lot within sixty (60) days from date hereof and that he does hereby grant unto the vendor, Ellen Brack Barrett, the right of use and habitation of the above described property with improvements as long as she shall live, it being expressly agreed that said use and habitation is an additional consideration for the transfer of said property, to terminate upon the death of vendor."
The cash portion of the consideration represented an expenditure of that amount by defendant in redeeming the property for plaintiff after it had been adjudicated to a third person at a tax sale.
After the deed's execution, defendant caused the demolition of the old structure and sold the lumber salvaged therefrom. Because of its decayed condition only $30 was realized from the sale.
A new house was then erected on the lot at a cost to defendant of $1,600. It consisted of three bed rooms, a kitchen, a bath room and living room. Into this dwelling moved defendant with his wife, mother-in-law and seventeen year old brother-in-law. These four persons occupied two of the bed rooms. The third bed room was reserved for plaintiff, and therein was placed her piano; but she has never taken possession of it.
Plaintiff contends, and she testifies, that defendant promised, in consideration of the transfer of the property, to build on the lot a separate three room house for her use and enjoyment; and in this connection her counsel argues that the provision of the deed granting to plaintiff "the right of use and habitation" of the property contemplated an exclusive occupancy of the premises by her.
Defendant denies having made the promise plaintiff attributes to him, that is to provide for her a separate dwelling. It is his testimony that he informed his aunt of an intention to build a house and to divide it with her; and that he now stands ready and willing to grant to her in the new edifice the entire use of a bed room, with the privilege of sharing with him and his family the living room, kitchen and bath room, and additionally to furnish to her all necessities of life so long as she lives.
The position taken by plaintiff is not supported by her actions and attitude during the course of the destruction of the old house and the erection of the new one. At no time then did she complain about or protest defendant's undertaking, notwithstanding that on numerous occasions she witnessed the progress of the work and was fully aware of the size and type of structure being built. It seems to us that she would have voiced objections if defendant was operating in a manner violative of his contractual obligations.
Regarding the agreement of the litigants, the trial judge observes in his written opinion:
"Both Rufus and his wife impresses the Court as high class colored people, sincere in their expressions of willingness to treat Ellen as their own mother. It is beyond all reason for the Court to conclude that they put all of their resources into a home that they could not occupy for years." *Page 383 
The argument of plaintiff's counsel that "when one is granted the use and habitation, it means the exclusive use and habitation," is not supported by the provisions of the Louisiana Civil Code, according to our appreciation of them. Pertinent are the following:
"626. Use is the right given to any one to make a gratuitous use of a thing belonging to another, or to exact such a portion of the fruit it produces, as is necessary for his personal wants and those of his family.
"627. The right of habitation is the right of dwelling gratuitously in a house the property of another person."
"633. That which distinguishes the usufruct of a property from the use of it, is this, that the enjoyment of the usufructuary is not confined to what is necessary for his consumption, but he takes all the fruits, and can dispose of them as he pleases.
"The person, on the other hand, who has only the use of an estate, has a right only to such fruits as may be necessary for his daily wants and those of his family.
"But he may claim so much of those fruits as may be necessary to supply the wants of the woman he has married, and of his children born since the use has been granted to him."
"635. The right of use of a house and that of habitation being alike, are subject to the same rules."
"641. The right of habitation is confined to what is necessary for the habitation of the person and of the family of the person to whom the right of use or habitation is granted.
"But nothing prevents him, who enjoys the right of habitation, from receiving in the house, or the part of it which has been assigned to him, friends, guests, or even boarders, provided he inhabits it himself."
"643. The right of habitation can neither be transferred, let, nor given to any one else; it is, as well as the use, exclusively a personal right."
Article 633 of the Code Napoleon, cited by counsel and from which the Louisiana Civil Code, Article 641 is taken, is not quite so broad as our law and lends no assistance to the advanced theory.
The quoted codal provisions, in our opinion, clearly show that the necessities of the grantee, along with those of his family, are determinative of the extent of the privileges and rights to be enjoyed by him under a grant of use and habitation. And we agree with the district judge that those afforded to plaintiff, whom he describes as "a lone, impoverished old woman," were adequate under the circumstances.
This holding makes unnecessary a decision on plaintiff's demand for damages in cutting the tree and on the exceptions of no cause and no right of action filed by defendant.
The judgment is affirmed.