HAWTHORNE, Justice.
 

 This is a suit by two brothers, Pascal J. and Rocco Bagala, against another brother, Joseph Bagala, and his mortgagee, Odón B. Ducos.
 
 [1]
 
 Plaintiffs seek to be recognized and declared to be the owners of an undivided two-thirds interest in an improved tract of land in the Parish of Lafourche.
 
 [2]
 
 They also seek judgment for their proportionate share of the revenues produced from the property from July 1, 1947, cancellation of the existing mortgage placed on the property. by Joseph Bagala, and removal of cer
 
 *63
 
 tain improvements from the land. After trial on the merits plaintiffs’ suit was dismissed, and they have appealed.
 

 The tract of land here involved was acquired by Francisco Bagala before his marriage in 1911 to Stella Tavella. In 1912, after his marriage, Francisco Bagala executed a deed conveying the property to Duard Eymard for a recited consideration of $600 in cash. On the same day, before the same notary, and in the presence of the same witnesses Eymard reconveyed the property to Francisco Bagala for $601. This latter instrument recites that $1 is paid in cash and the balance of $600 is payable one year from date, the credit portion being represented by a promissory note.
 

 Francisco Bagala’s wife, with whom he had lived under the regime of the community of acquets and gains, died in December of 1940. On July 1, 1947, Francisco Bagala conveyed this property to one of his sons, the defendant Joseph Bagala, for a recited consideration of $5,000. Francisco Bagala died intestate on March 4, 1949, survived by three sons, two of whom are the plaintiffs and the other the defendant.
 

 It is appellants’ contention that the signature of their father on the deed conveying the property to their brother is a forgery. In the alternative they argue that if it be found that he actually signed the instrument, their brother paid no consideration whatever for the property and that therefore the sale was a simulated one and consequently null and void. They further contend in the alternative that in the event it be held that the instrument was not forged and the sale not a simulated one, the property conveyed by their father after the death of their mother was community property, and their father could therefore convey to the defendant only an undivided one-half interest.
 

 Plaintiffs have failed to prove that the signature of their father to the 1947 deed in which he conveyed the land to their brother Joseph was a forgery. The trial judge found that the signature on the deed was identical with the signature on certain other documents offered by the plaintiffs themselves which they identified as being the true and genuine signature of their deceased father. These documents are in typewritten form in the transcript, but the trial judge had before him photostatic copies of the documents. Under these circumstances we cannot say he erred in his finding. Moreover, the notary public and the two witnesses to the instrument testified that they were present and saw Francisco Bagala execute and sign the deed conveying the property to his son.
 

 Moreover, plaintiffs are not entitled to have the deed set aside on the ground that their brother paid no consideration whatever for the property and that hence it was a pure simulation. In this con
 
 *65
 
 nection it is necessary for us to say only that the record discloses, as found by the trial judge, that the defendant gave his father a check for $1,700, which was made payable to the order of the father and endorsed and cashed by him, and that the check was given as a part of the purchase price. This fact alone is sufficient to show that the conveyance here under attack was not a simulation, for under the well established jurisprudence of this state if any consideration however small is given for the property, the conveyance is not a simulation. Succession of Quaglino, 232 La. 870, 95 So.2d 481, and authorities there cited; Spiers v. Davidson, 233 La. 239, 96 So.2d 502.
 

 It is not disputed that Francisco Bagala acquired the property here involved before his marriage, and that it was his separate property. After his marriage, as pointed out above, he conveyed the property to Duard Eymard for $600, and Eymard on the same day and before the same notary and the same witnesses reconveyed the property to Bagala for $601 by an act which recites that $1 is paid in cash and $600 payable one year after date, the credit portion being represented by a promissory note for a like amount. The latter act does not contain the dual declaration that the property was being acquired by Bagala with his separate funds and for his separate estate. The issue then is whether this transaction, changed the character of the property from separate property to property belonging to the community of acquets and gains existing between Bagala and his wife.
 

 In support of their contention that the property belonged to the community plaintiffs rely on the well established principle of law prevailing in this state that the acquisition of property by the husband during marriage without a declaration in the deed that the property is acquired with the husband’s separate funds for his separate estate conclusively precludes the husband from later contending that the property does not belong to the community. Slaton v. King, 214 La. 89, 36 So.2d 648. Otherwise stated, in the case of the husband the presumption in favor of the community is juris et de jure when real estate is purchased by him without the dual declaration in the deed that the property is acquired with his separate funds and for his separate estate.
 

 The principle of law relied upon by appellants is without application to the facts of the instant case, for here there was no acquisition by the husband during the existence of the community by the sale and re-
 
 i
 
 sale of the property.
 

 In Ruffino v. Hunt, 234 La. 91, 99 So.2d 34, 36, the property was acquired by the husband before marriage. After marriage he borrowed money on the property from a
 
 *67
 
 building and loan association, each loan being
 
 effected by
 
 a
 
 transaction
 
 of sale and resale to and from the homestead association. In that case this court said:
 

 “It is defendant’s contention that, notwithstanding its purchase prior to the marriage, Lot 13 became community property as the result of the sales and resales to and from the homestead in which resales plaintiff did not declare that he was purchasing the property with his separate funds and for his separate estate.
 

 “The proposition is not tenable. Article 2402 of the Civil Code provides that the community ‘ * * * consists of the profits of all of the effects of which the husband has the administration and enjoyment, * * of the produce of the reciprocal industry and labor of both husband and wife, and of the estate which they may
 
 acquire
 
 during the marriage, either by donations made jointly to them both, or by purchase, or in any other similar way. * * * ’.
 

 “As applied to this case, the key word of the article is 'acquired’ [sic], which we have [italicized]. When real property is sold to a homestead for cash and simultaneously resold by the homestead to its owner, the latter has not acquired anything. Such a transaction, which is for the purpose of providing the homestead the security of a vendor’s lien and first mortgage, is purely a pignorative contract as this Court has heretofore designated it on two occasions. See Succession of Farley, 205 La. 972, 18 So.2d 586 and Capillon v. Chambliss, 211 La. 1, 29 So.2d 171.
 

 % % ~ *
 

 “Recently in Lazaro v. Lazaro, 92 So.2d 402, the
 
 Court
 
 of Appeal for the Parish of Orleans was confronted with the identical question here presented and properly held that the case was controlled by the ruling in Mayre v. Pierson, supra [171 La. 1077, 133 So. 163]. Since we conclude that nothing is acquired in transactions of this sort, there is no need for a declaration respecting the separate character of the property and it matters not whether the property happens to be the separate property of the husband or that of the wife.”
 

 Appellants argue that such a holding is not apposite in the instant case because we are not here dealing with a sale and resale to and from a building and loan association. We see no reason why the reasoning which forms the basis of the opinion in Ruffino v. Hunt, supra, is not applicable and pertinent to the facts of this case: That there has been no acquisition by the husband during the existence of the community as contemplated by Article 2402 of the Civil Code, and that such a transaction is nothing more than a pignorative contract.
 

 Over the objection of counsel for the appellants the lower court admitted parole evidence to show that the 1912 transaction was nothing more than a mortgage. Duard Eymard, one of the parties to this transac
 
 *69
 
 tion, was permitted to testify,'over counsel’s objection, that Francisco Bagala borrowed $600 from him, that to secure this loan the transaction of sale and resale was made, that he, Eymard, never intended to own the property and did not ever take possession of it, and that the transaction was to be considered purely as a loan.
 

 The objection to the introduction of this evidence may have been well founded under the pleadings in this case. However, it is not necessary for us to consider parole evidence in order to arrive at the result we have reached because the two documents, the sale and resale, show on their face that what was truly intended by the parties was nothing more than a pignorative contract. The trial judge in his reasons for judgment correctly stated: “This Court believes that the instruments themselves most clearly indicate that the two transactions amount to no more than the execution of a mortgage. The instruments clearly appear to import the loan of $600.00 by Duard Eymard to Francis Bagala and the taking of a mortgage on the property of Francis Bagala.”
 

 Consequently we find that the property in question was the separate property of Francisco Bagala when he sold it in 1947 to his son.
 

 Appellants in this court argue that the act of sale to Joseph Bagala was in reality a donation, and they rely on Article 2444 of our Civil Code which provides that the sales of immovable property made by parents to their children may be attacked by the forced heirs as containing a donation in disguise if the latter can prove that the price is below one-fourth of the real value of the immovable sold at the time of the sale. They say in brief that the land and improvements had a value of $11,600 and that this is shown by the oath of one of the plaintiffs that all the allegations of the petition are true and correct. Evidently they refer to the fifth allegation of the original petition, which, to say the least, is very vague and unclear as to the value of the property at the time of the sale in 1947. In fact, no mention is made in this allegation of the value of the property in 1947. Appellants evidently overlook the fact that the allegation, if it be considered sufficient, was denied by the defendants in their answer, and that upon its denial plaintiffs were required to adduce evidence and prove the truth of the allegation. There is no such proof in this record. Furthermore, although we do not know the value of the property in 1947, this record discloses that the defendant Joseph Bagala paid certain ■other sums for the property in addition to the $1,700 mentioned above, and that the .total of all these amounts exceeds one-fourth of $11,600.
 

 For the reasons assigned the judgment appealed from is affirmed at appellants’ costs.
 

 [1]
 

 . Odón B. Ducos is no longer a party to this proceeding.
 

 [2]
 

 . The attorney of record for Pascal and Boceo Bagala is also named a party plaintifE in this suit under the allegation that by virtue of certain contracts he is to receive one-half of whatever he recovers from the defendant Joseph Bagala.