150 So.2d 671 (1963)
Willie KINNEY et al., Plaintiffs-Appellants,
v.
Elder L. KINNEY, Defendant-Appellee.
No. 801.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1963.
*672 Cameron C. Minard, Columbia, for plaintiff-appellant.
McKeithen, Mouser & McKinley, by Vinson M. Mouser, Columbia, for defendant-appellee.
Before TATE, FRUGÉ, and HOOD, JJ.
FRUGÉ, Judge.
Plaintiffs, who are the child and grandchildren of Elder H. Kinney and Dora Cox Kinney, husband and wife (both deceased), bring this action against Elder L. Kinney, also a child of the decedents, to set aside several transfers of the decedents' property on the ground that they are simulated sales, and in the alternative that they are donations in disguise and subject to collation.
There were five children born of the marriage of Elder H. Kinney and Dora Cox Kinney, all of whom reached majority and are parties to this suit or represented by their children.
The record discloses that Elder H. Kinney, the father, died in August of 1948 and Dora Cox Kinney, the mother, died in May of 1960.
We deem it necessary at this time to summarize the events surrounding the property transfers which plaintiffs seek to annul and set aside.
In June of 1911 Elder H. Kinney acquired by warranty deed from the Urania Lumber Company the SW ¼ of SW ¼ of Section 7, Township 10 North, Range 2 East. This deed was recorded on January 11, 1913. Subsequently, in April of 1941, Elder H. Kinney conveyed by warranty deed to defendant, his son, 15 acres of this tract of land, reserving all minerals. This deed was recorded August 26, 1949. This deed on its face recites that the sale was made for the consideration of the sum of $300, the receipt of which was acknowledged.
Elder H. Kinney died in August, 1948 and his succession was opened on September 21, 1949, and his heirs, among whom were plaintiffs and defendant, were sent into possession of this property, in the following proportions:
Mrs. Dora Cox Kinney, wife and partner in community, an undivided ½ interest;
Claude Kinneyan undivided 1/10th. interest;
Henry Kinneyan undivided 1/10th. interest;
Elder L. Kinney (defendant herein) an undivided 1/10th. interest;
Willie Kennyan undivided 1/10th interest; and
Elza Pauline LaCaze Cateran undivided 1/10th. interest.
The real property inventoried in Elder H. Kinney's succession proceedings and which his heirs were placed in possession consisted of the property acquired by the deceased in June of 1911, less the 15 acres conveyed to defendant, but including the minerals under the entire tract of land.
On September 13, 1949, Mrs. Dora Cox Kinney conveyed to defendant by warranty *673 deed her undivided ½ interest, including the minerals. The consideration for the transfer was $400 and "other valuable consideration". Receipt of the $400 was acknowledged in the deed. Subsequently, defendant conveyed this property back to Mrs. Dora Cox Kinney on September 8, 1950. This deed recited a cash consideration of $100 and other valuable consideration. On April 30, 1952 Mrs. Dora Cox Kinney, by correction deed, conveyed to defendant all of the mineral rights under her undivided ½ interest of the SW ¼ of SW ¼, Section 7, Township 10 North, Range 2 East, which had been reconveyed to Dora Cox Kinney. Later, on September 3, 1952, defendant conveyed to Mrs. Kinney, for a recited consideration of $10.00 cash, the mineral rights under the undivided one-half interest which she originally conveyed to defendant. Finally, on August 14, 1953 Mrs. Kinney deeded back to defendant her entire property, reciting as its consideration the sum of $400.00 cash and other valuable considerations.
Essentially, by this suit plaintiffs are attacking two real property transactions: (1) The sale of fifteen acres of land by Elder H. Kinney (the father) to Elder L. Kinney, defendant, and (2) the various instruments by which Dora Cox Kinney (the Mother) sold her interest to Elder L. Kinney.
Concerning the deed of April 23, 1941, whereby Elder H. Kinney purports to convey to the defendant, Elder L. Kinney, 15 acres of land, plaintiffs contend that no consideration was paid and that it was a simulation; that in the alternative, it was a donation in disguise and should therefore be collated. Defendant, on the other hand, contends that the deed was valid in all respects being based on adequate consideration which was actually paid; that any attempt to rescind or annul it is barred by the prescription of ten years provided by LSA-C.C. Art. 2221; and that plaintiffs' alternative demand for collation was extinguished by the closing of the succession of Elder H. Kinney.
We deem it necessary to consider the question of prescription first, since a finding that the right to contest this particular conveyance has prescribed necessarily resolves all questions concerning this conveyance.
LSA-C.C. Art. 2221 provides in part that "[i]n all cases, in which the action of nullity or of rescission of an agreement, is not limited to a shorter period by [a] particular law, that action may be brought within ten years." Defendant urges that since suit was not instituted until May 2, 1962, whereas this deed was executed in 1941 and placed on record in August of 1949, ten years have elapsed and the right to attack the validity of the deed is prescribed.
While defendant's argument is certainly plausible, the established jurisprudence of this state is completely diverse to this contention. Thus, in Spiers v. Davidson, 233 La. 239, 96 So.2d 502, the Supreme Court held that "a simulated contract is one which has no substance at all, or is purely fictitious and a sham, an act of mere pretense without reality. Such a contract, although clothed in concrete form, is entirely without effect and may be declared a sham at any time at the demand of any person in interest."
Similarly, in Smelley v. Ricks, 174 La. 734, 141 So. 445, the court announced that the articles on prescription have no application to actions brought by forced heirs to set aside the simulated contracts of those from whom they inherit, when brought against those who were parties to them. See also Houghton v. Houghton, 165 La. 1019, 116 So. 493; Lemann, Some Aspects of Simulation in France and Louisiana, 29 Tul.L.Rev. 22 (1954).
Succinctly then, in the case of a simulated sale there is no transfer of property; it is fictitious in nature and an absolute nullity as between the parties who execute it. The action to avoid its effects is not one of rescission or revocation but simply to declare it is simulated. Defendant's plea of 10 year prescription is accordingly without merit.
*674 With regard to the deed executed by Elder H. Kinney to the defendant, the evidence adduced at the trial of this case convinces us that the cash consideration of $300.00 was paid. Defendant also established by a preponderance of the evidence that he was in possession of the land at the time of the purchase and remained living in a home constructed on the fifteen acres continuously until the time suit was instituted. In our opinion, if there was any presumption of simulation, defendant has completely refuted it. See Bagala v. Bagala, 237 La. 60, 110 So.2d 526; Dietz v. Dietz, 227 La. 801, 80 So.2d 414; Succession of Nelson, 224 La. 731, 70 So.2d 665.
As to plaintiffs plea for collation under LSA-C.C. Art. 2444, we find no merit. It is true that pursuant to this article "the sales of immovable property made by parents to their children, may be attacked by the forced heirs, as containing a donation in disguise, if the latter can prove that no price has been paid, or that the price was below one-fourth of the real value of the immovable sold, at the time of the sale." But even if we assume in arguendo that the price paid by defendant to his father was less than one-fourth of the real value of the property, and that it is therefore a donation in disguise, plaintiffs are not entitled to collation.
In Doll v. Doll, 206 La. 550, 19 So.2d 249, in commenting on the right of collation, stated:
"Collation is the returning to the estate of a deceased person any gifts or advances which any of the descendant heirs may have received by donation or otherwise during the lifetime of the ancestor from whom the heirs inherit. * * * This is explained in article 1227 of the Civil Code, where it is declared that the purpose of the collation is `in order that such property [collated] may be divided together with the other effects of the succession.' * * * But a demand for collation cannot be made in a suit for a partition of property belonging to co-owners or co-proprietors, and not to a succession. If the descendant heirs of a deceased person accept his or her succession unconditionally and obtain a judgment sending them into possession of the estate as owners, and thus close the succession, the heirs are thenceforth co-proprietors of the property theretofore belonging to the succession in the same way as if they had acquired their joint ownership by purchase instead of acquiring it by inheritance. * * * It is so declared in article 1242 of the Civil Code, thus: `The collation is made only to the succession of the donor.'"
See also Himel v. Connely, 221 La. 1073, 61 So.2d 876; Succession of McGeary, 220 La. 391, 56 So.2d 727.
The record discloses that Elder Huey Kinney died in August of 1949 and that his succession was opened and his heirs, plaintiffs and defendant, were sent into possession of his property on September 21, 1949. Under the rationale of Doll v. Doll, supra, plaintiffs therefore became co-proprietors as of the date they were sent into possession and could no longer require collation.
In conclusion, we are of the opinion that notwithstanding that the deed may have been a donation in disguise, which we hold in this case is not subject to collation, it was not a simulated contract and resulted in a valid conveyance of the 15 acres to defendant.
We will now turn to the various deeds under which defendant claims ownership of Mrs. Dora Cox Kinney's undivided one-half interest.
We note that the trial judge, in his written reasons, stated (concerning the consideration paid by defendant to Mrs. Kinney):
"The Court, after a review of the evidence, is of the opinion that the Four Hundred & No/100 ($400.00) *675 Dollars was actually paid to the mother and never returned by her. The testimony reveals that some money was expended by the defendant in the payment of medical expenses for his mother, the exact amount is not determined. The wife of the defendant, together with the defendant, attended to every care and need of the mother during her declining years. This care was described by Dr. Thomas as being good. That she required constant attention twenty-four hours each day. Dr. Thomas estimated the value of Mrs. Kinney's services at $24.00 per day. The mother was described as being helpless, that constant care was required, and that the patient's body showed that she had received that care. This constant care was carried out over a period of approximately six months. Prior to this constant hour by hour care, the patient's meals were prepared by Mrs. E. L. Kinney daily for approximately a year. She not only prepared her meals but cleaned her house and attended to her every need. Discounting the services by fifty per cent on the months which the patient was bedridden, the services would have been worth a sum of approximately $2000.00."
We have also reviewed the evidence concerning the amount paid and the services rendered as consideration for the transfer of Mrs. Dora Cox Kinney's one-half interest in the property and find no manifest error in the trial judge's findings.
If any consideration, however small, is given for property, the conveyance is not a simulated transfer. Bagala v. Bagala, 237 La. 60, 110 So.2d 526. Having previously found that valuable consideration was given for the mother's one-half interest, we have no difficulty in concluding that the transfer was not a simulated sale.
However, if the consideration given is less than one-fourth the value of the property received plaintiff's contention that the transfer was a donation in disguise and subject to collation should be maintained. LSA-C.C. Art. 2444. As to this transfer, it should be noted that Mrs. Dora Cox Kinney's succession has not been opened. Thus, our reasons for denying plaintiff's demand for collation in the case of Elder H. Kinney's succession, do not apply.
The stipulated value of the property as a whole, as of August 14, 1952, the date of the last deed from Mrs. Dora Cox Kinney to defendant, was $5,500.00 including the land, mineral rights, and improvements; listing the land as valued at $50.00 per acre, a total of $2,000.00; the minerals at $75.00 per acre, a total of $3,000.00; and improvements at $500.00 Since the fifteen acres by prior deed was owned by the defendant, the transfer of Mrs. Dora Cox Kinney could have transferred only 12 and ½ acres which, at $50.00 per acre, would amount to $625.00. One-half of the improvements would amount to $250.00 and one-half of the 40 acres of minerals would have the value of $1,500.00. Therefore the value of all she transferred amounted to $2,375.00.
As previously concluded, the evidence establishes that the consideration of $400.00 was paid by defendant to Mrs. Kinney. Counsel for plaintiffs contends that the services rendered a mother by a son are gratuitous and do not amount to valid consideration, citing Muse v. Muse, La.App., 33 So.2d 128, 129. An examination of this decision reveals that the court simply held that under certain circumstances there is a presumption that services rendered by a son or daughter in the way of nursing and attention to the physical needs of parents are presumed to be gratuitous. In the case at bar, the intention of the mother to compensate defendant for his promise of care and maintenance is evidenced by the deed transferring her undivided one-half interest in the property. *676 That such services may be considered consideration is amply supported by the jurisprudence of this state. LSA-C.C. Arts. 1523, 1525; Bertucci v. Bertucci, 224 La. 364, 69 So.2d 502. The trial judge properly held that the value of the services rendered by defendant on behalf of his mother amounted to $2,000.00. Adding to this the cash consideration of $400.00, we find that the transaction was a sale for adequate consideration and not a donation in disguise.
Plaintiffs lastly contend that Mrs. Dora Cox Kinney could not divest herself of ownership of all of her property. In this regard we are referred to LSA-C.C. Art. 1497. It suffices to say that this article deals with donations inter vivos. Having found that the transfer of Mrs. Kinney's property was accomplished by a valid sale, this article can have no application. See Whitman v. Whitman, 206 La. 1, 18 So.2d 633. There is therefore no merit to this contention.
Defendant, by reconventional demand in the lower court, and persistently by answer to plaintiffs' appeal, asks to be recognized as owner of the property which is the subject of this suit. He is entitled to this relief.
Accordingly, for the reasons assigned, the judgment of the lower court is affirmed, dismissing plaintiffs' demands, and amended so as to additionally decree defendant, Elder L. Kinney, to be the owner of the following described properties located in the Parish of LaSalle, State of Louisiana, to-wit:
No. 1.
The entirety of the land and 7/10 of the mineral rights in that tract of land beginning at the Northeast corner of SW ¼ of SW ¼ Section 7, Township 10 North, Range 2 East and run west 165 yards, thence South 440 yards; thence East 165 yards, thence North 440 yards to point of beginning containing 15 acres more or less, situated in SW ¼ of SW ¼, Section 7, Township 10 North, Range 2 East, together with all improvements located thereon.
No. 2.
An undivided 7/10 interest of the land and 7/10 of the mineral rights in the SW ¼ of the SW ¼, Section 7, Township 10 North, Range 2 East, less and except the fifteen acre tract sold by Elder H. Kinney to Elder L. Kinney by deed recorded in Conveyance Book "UU", page 230, of the records of LaSalle Parish, Louisiana. (No. 1 hereinabove).
All costs of this appeal are to be borne by plaintiffs.
Amended and affirmed.