222 So.2d 100 (1969)
Mrs. Irene C. MUT, Plaintiff-Appellant,
v.
Viola Yates MUT, individually, the Succession and Heirs of Edgar J. Mut, Sr., Defendants-Appellees.
No. 7652.
Court of Appeal of Louisiana, First Circuit.
April 14, 1969.
*101 Walton J. Barnes, Baton Rouge, for appellant.
Arnold J. Gibbs, Baton Rouge, for appellees.
Before LANDRY, SARTAIN and MARCUS, JJ.
MARCUS, Judge.
By an authentic act labeled cash sale with assumption of mortgage dated May 5, 1961, passed before William J. Doran, Jr., a Notary Public in and for the Parish of East Baton Rouge, Alfred J. Mut and his wife, Irene C. Mut (the plaintiff herein) conveyed to their son, Edgar J. Mut, Sr., title to a house and lot in North Highlands Estates in Baton Rouge. The consideration stated in the deed was $5,737.01 which was composed of $5,000.00 cash and the assumption of a mortgage on which there was an unpaid balance of $737.01, together with other considerations contained in the following paragraphs quoted from the deed:
"As a part of the consideration of this sale, purchaser further declares that he does hereby grant the right of use and habitation of the above described property to Alfred J. Mut and Irene Mut as long as they, or either of them, may be alive, and the said Alfred J. Mut and Irene Mut hereby accept this right of use and habitation and bind themselves to care for said property as careful administrators during the term hereof.
"The purchaser, Edgar J. Mut, hereby assumes responsibility for making all necessary repairs to the property and agrees to pay all taxes and the premiums necessary to carry fire and extended coverage insurance on said property in the amount of $7,500.00.
"It is further agreed that the purchasers will not sell, mortgage or encumber the property during the term of the use and habitation herein granted."
Edgar J. Mut and his wife, Viola Yates Mut (a defendant herein), thereafter moved into one side of the house and the elder Muts remained in the other half of the house. Apparently, all peace and tranquility prevailed until the senior Mut passed away in February, 1964. Thereafter, discontent with the arrangement became open between Mrs. Irene Mut on the one hand, and her son and daughter-in-law on the other.
However, the senior Mrs. Mut continued to take her meals with the junior Muts until September of 1965, when there was a final parting of the ways. Edgar J. Mut subsequently died in December of 1965. After his succession was opened, listing the house and lot in North Highland Estates as community property of his estate, Mrs. *102 Irene Mut filed suit against her daughter-in-law, Mrs. Viola Mut, and her grandchildren, to have the sale dated May 5, 1961 declared null and void. Defendants filed several exceptions. The exception of prescription was sustained as it applied to lesion, and all other exceptions were over-ruled. Defendants then filed an answer and reconventional demand seeking $35,910.17 in compensation and restitution for alleged moneys and services provided plaintiff and her late husband. The matter was heard by the court below and after a lengthy trial, judgment was rendered in favor of defendants and against plaintiff, dismissing plaintiff's suit at her cost, and further dismissing defendants' reconventional demand. From this adverse judgment, plaintiff has perfected a devolutive appeal. Plaintiff-appellant primarily contends that the said act of sale and assumption of mortgage dated May 5, 1961 was a simulation in that no consideration was actually paid by the vendee. It is further asserted by plaintiff-appellant that there has been a breach of the conditions imposed on the vendee.
First, in regard to whether the sale with assumption of mortgage dated May 5, 1961 was a simulation in that no consideration was actually paid by the vendee, Edgar J. Mut, we consider the following statement of the law set forth in the case of Elrod v. Le Ny, 193 So.2d 299 (La.App. 4th Cir. 1966) to be on point:
"The law is well settled that a sale of immovable property in the form of an authentic act which recites consideration cannot be attacked by a party thereto who attempts to controvert the recital of consideration in the act by proving that the consideration was not actually given, unless: fraud, mutual error, or force is alleged, written evidence in the nature of a counter-letter is available, or the lack of consideration is indicated by answers to interrogatories or requests for admissions of fact. This is illustrated by the following cases which are merely representative of the large volume of jurisprudence on the subject. Templet v. Babbitt, et al., 198 La. 810, 5 So.2d 13; Johnson v. Johnson, 191 La. 408, 185 So. 299; Jeansonne et al. v. Jeansonne, 171 So. 497 (La.App.1937); Lewis v. Clay, 221 La. 663, 60 So.2d 78."
Further, the Civil Code contains the following pronouncements:
"Art. 2236. The authentic act is full proof of the agreement contained in it, against the contracting parties and their heirs or assigns, unless it be declared and proved a forgery."
"Art. 2237. The acknowledgement of payment, made in an authentic act, can not be contested, under pretense of the exception of non numerata pecunia, which is hereby abolished."
"Art. 2276. Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since."
In the instant case, there was no written evidence in the nature of a counter-letter, nor was the lack of consideration indicated by answer to interrogatories or requests for admissions of fact. While it is true that both Mr. and Mrs. Alfred J. Mut were elderly at the time the transaction was consummated, petitioner's contention as to their confused state of mind is completely refuted by the record. First, as stated in Paragraph 6 of her petition, she alleges that the action was taken following "a family meeting" held for that purpose. In addition, the attorney for Mr. and Mrs. Alfred J. Mut, J. St. Clair Favrot, testified that he firmly recommended against the proposed sale and suggested that the couple think it over before proceeding; however, after some reflection, they returned and requested him to prepare the deed. It would, therefore, appear that there was considerable thought given to the transaction. Further, there was no testimony which would give the Court any *103 reason to believe that either of the vendors had any disability or illness. Accordingly, we are convinced, as was the trial judge, who stated in his reasons for judgment, "The Court is firmly of the opinion that Mr. and Mrs. Alfred J. Mut had the benefit of considerable advice in regard to their decision to sell and the provisions relating to the sale, and therefore, as to the transaction, there was no mistake or error which would nullify its validity." Further, there were no allegations or evidence in the record as to fraud, force or other ill-practices.
Accordingly, in view of the holding in the Elrod case and the authorities cited therein, we are of the opinion that since plaintiff was a party to the said act of sale with assumption of mortgage dated May 5, 1961, she has no right to offer parol evidence in order to controvert the recital of consideration contained in said act by attempting to prove that the consideration was not actually given.
Furthermore, the lower court concluded, and we agree, that there is ample evidence which conclusively proves that the vendee, his heirs and assigns, paid off the $737.01 mortgage on the property. In Bagala v. Bagala, 237 La. 60, 110 So.2d 526, 528 (1959), the Court held, "if any consideration however small is given for the property, the conveyance is not a simulation." See also, Kinney v. Kinney, 150 So.2d 671 (La.App. 3rd Cir. 1963). Accordingly, there was sufficient consideration to support the conveyance herein.
Plaintiff also cites Civil Code Article 2480, which provides:
"In all cases where the thing sold remains in the possession of the seller, because he has reserved to himself the usufruct, or retains possession by a precarious title, there is reason to presume that the sale is simulated, and with respect to third persons, the parties must produce proof that they are acting in good faith, and establish the reality of the sale."
However, this article has no application to the present case as it clearly applies only to third persons and not to a party to the transaction as was the plaintiff herein. It was recently held in Succession of Elrod v. Elrod, 218 So.2d 83 (La.App. 4th Cir. 1969) that forced heirs are to be viewed as third persons when they are attacking an act of sale made by those from whom they inherited on the ground of simulation. In that case the plaintiffs were forced heirs and not parties to the transaction. In support of their charge of simulation, the plaintiffs offered the testimony of Mrs. Elrod who had been a party to the transaction. The Court held that "She could not be heard to contradict by parol evidence her authentic acts of sale, between herself as vendor and her daughter as vendee, and such testimony as to the issue of simulation between them would not be admissable." In the instant case, as previously indicated, plaintiff was a party to the transfer whereas the forced heirs or children of her deceased husband were not parties to this litigation.
We have here a situation where the purchaser granted unto the vendors, Mr. and Mrs. Alfred J. Mut, the "right of use and habitation" of the said property. Nowhere in the terms of the grant was it specified that the senior Muts were to be given use and habitation over the entire property. It was apparently contemplated that the elder Muts would enjoy the use of a portion of the premises, suitable for their needs. There was never any indication that the entire premises would remain in their possession and, in fact, the junior Muts lived in one half of the house and the elder Muts remained in the other half of the house from immediately after the date of the deed until the death of Alfred Mut, at which time plaintiff confined herself to the two rooms which were occupied by her on the date of the trial. The Court is convinced, from the reading of the voluminous record, that the junior Muts have always afforded the senior Muts up to the time of the death of Alfred Mut, and since *104 that time to the plaintiff, the use and habitation of the premises suitable to their respective needs. It was held in Barrett v. Barrett, 5 So.2d 381 (La.App. 2nd Cir. 1941), that a grant of use and habitation as part of the consideration in a sale did not mean the exclusive use and habitation, but the "necessities of the grantee, along with those of his family, are determinative of the extent of the privileges and rights to be enjoyed by him under such a grant". Articles 626, 627, 633, 635, 641, 643 of the Civil Code were cited by the Court.
While the deed does restrict some of the normal privileges of ownership such as the right to sell or mortgage the property, we are of the opinion that this was intended only to protect the plaintiff and her late husband in their rights of use and habitation. In other words, the property, whose ownership became vested in Edgar J. Mut, was not to be alienated or encumbered by him in such a way that the old couple might lose the right of remaining on it. It was a way of protecting and reserving their rights in this regard. We must bear in mind that Mr. and Mrs. Alfred Mut were eighty-four and seventy-six years of age respectively at the time of the transfer in 1961. Accordingly, their longevity could not be expected to be of long duration. As a matter of fact, Mr. Alfred Mut passed away in February, 1964. The Court is therefore of the opinion that the restriction placed upon the alienation and encumbrance of the property was for a valid purpose of preserving the usefulness of the right of use and habitation of the senior Muts for a period of time of relatively short duration. Under these circumstances we do not find that such a restriction is invalid. See Chenevert v. Lemoine et al., 52 La.Ann. 586, 27 So. 56 (1900).
For the foregoing reasons, the judgment of the lower court is affirmed at appellant's cost.
Affirmed.