BLANCHE, Judge.
Plaintiff-appellant, Walter Pilcher, Jr., appeals the granting of a summary judgment by the Nineteenth Judicial District Court in favor of the defendant-appellee, Louisiana National Bank of Baton Rouge, denying plaintiff’s request to have a sale of certain real estate upon which the bank was a mortgagee declared to be a simulation.
The sale in question occurred December 16, 1963, and therein, the plaintiff’s parents, Walter Pilcher, Sr. and Mrs. Loretta W. Pilcher, sold to their son-in-law, Tom T. Gillen, Jr., an undivided one-half interest in 267 acres (less certain described property), located in East Baton Rouge Parish. The sale was made for and in consideration of Gillen assuming a promis *742 sory note for $43,000.00, made by Walter and Loretta Pilcher to Louisiana National Bank of Baton Rouge, on March 24, 1960, said note being secured by a collateral mortgage upon the same property which was conveyed to Gillen in the 1963 sale. In this sale, the Pilchers also reserved a usufruct upon said property unto themselves.
Prior to the foregoing sale, on September 28, 1960, Walter and Loretta Pilcher sold to Gillen the other undivided one-half interest in the 267 acres. However, the 1960 sale excluded an 8 acre tract in the shape of a parallelogram, located at the northwest corner of the larger tract, whereas the 1963 sale specifically included said 8 acre tract. The 1960 sale recited that it was made in consideration of $10.00 and for “other good and valuable consideration which the parties hereto do not wish to make a matter of public record.”
As a result of the 1960 and 1963 sales, Gillen became the sole owner of all but 8 of the 267 acres. Concerning the 8 acres, there seems to be some confusion as to whether the 1963 sale transferred the entire ownership or only an undivided one-half interest therein to Gillen. However, for purposes of this suit, that matter need not be determined as the result reached herein will be the same under either set of facts.
On February 20, 1968, Gillen and the Pilchers sold the entire 267 acre tract, including the aforementioned 8 acre tract, to Watkins Realty Corporation, reserving a mortgage thereon. Specifically excluded from this sale was a 3.09 acre tract located in the extreme northwesterly portion of Magnolia Hills Subdivision, fronting 207.38 feet on Greenwell Springs Road, shown as “Lot C” on a map made by Wallace J. Hargrave, C. E. and Surveyor, dated January 2, 1968. The 3.09 acres lie substantially within the boundaries of the aforementioned 8 acre tract.
On July 28, 1971, an authentic act made by Walter and Loretta Pilcher and Tom T. Gillen was filed in the records of East Baton Rouge Parish. In said act, which was styled as a “declaration”, the parties declared that the recited $10.00 consideration in the 1960 sale was actually paid to the vendors therein, and further declared that such $10.00 was in fact good consideration. The act further declared that the 8 acre tract excluded from the 1960 sale was included in the 1963 sale. Furthermore, the parties declared that the consideration for both the 1960 and 1963 sales was incompletely and inaccurately set forth in said instruments, and in truth and in fact, “one of the considerations” for both the sales from the Pilchers to Gillen was the assumption of the mortgage note at Louisiana National Bank for $43,000.00. Also in said act, Howard E. Samuel, Vice President of Louisiana National Bank, declared that the subject $43,000.00 note was paid in full by Gillen, and the collateral mortgage erased from the public records.
On August 4, 1971, Gillen mortgaged his interest in the 3.09 acres which had been excluded from the sale to Watkins Realty, together with another piece of immovable property, to Louisiana National Bank to secure an indebtedness of $155,000.00.
On May 2, 1974, the Pilchers sold to the plaintiff, a 2-year option to purchase said 3.09 acres for $100.00 consideration. This option was duly recorded, and is obviously the basis upon which the plaintiff asserts procedural capacity to bring the instant suit to set aside the original sale to Gillen purporting to encompass the 3.09 acres.
On May 7, 1974, the plaintiff instituted the present suit to annul the December 16, 1963 sale to the defendant, Gillen, alleging that said sale was “null and void as a simulation, 1) since no price was ever paid for the property, 2) since the vendee never took possession of the property, 3) since the vendors retained possession of the property, and 4) since the vendors reserved *743 to themselves the usufruct of the property.” The plaintiff asserted that in view of this simulated sale, the portion of the 3.09 acre tract which lay within the boundaries of the aforementioned 8 acre tract (which was exempted from the first sale in 1960) was not owned by Gillen, but, rather, title remained in the Pilchers. In view of the foregoing, the plaintiff in effect contended that Gillen had no interest in the 3.09 acres when he mortgaged it to the Louisiana National Bank, and consequently, said mortgage is not secured thereby.
Also named as defendants in order that they may assert whatever rights they may claim to the subject property, were the United States Internal Revenue Service, which had recorded tax liens of $150,581.82 against Gillen; the Louisiana National Bank of Baton Rouge, which is the holder of a mortgage on Gillen’s interest in the subject property for $155,000.00; the American Bank and Trust Company of Baton Rouge, holder of a recorded mortgage for $12,000.00; Armour and Company, a judgment creditor for $16,083.59; Swift and Company, a judgment creditor for $3,000.00; and Cudahy Company, a judgment creditor for $1,501.56.
On the trial of the matter, Louisiana National Bank, as a secured creditor, filed a Motion for Summary Judgment, alleging that good and valuable consideration was given for the sale executed on December 16, 1963, therefore preventing said sale from being a simulation as contended by the plaintiff. In support of its motion, the bank filed in the record the declaration of July 28, 1971, which it claimed established the consideration for both sales was the assumption of the $43,000.00 indebtedness due by the Pilchers to Louisiana National Bank. Said declaration also established that the note was paid in its entirety by Gillen.
The trial judge noted that a Motion for Summary Judgment should be granted if there is no genuine issue as to material facts, citing Louisiana Code of Civil Procedure, Article 966, and then stated:
“It would seem that the orily material fact in this case is whether or not there was consideration for the sale of December 16, 1963, and the evidence offered by the mover proves that such consideration did exist.”
Summary judgment was therefore granted to the Louisiana National Bank, dismissing the plaintiff’s petition as to them.
On appeal, the plaintiff argues that in view of the 1971 declaration by the Pilch-ers and Gillen, Gillen assumed the $43,000.-00 indebtedness at the 1960 sale. He then argues that the same consideration, that is, the assumption of the $43,000.00 indebtedness, could not be used again as consideration for the subsequent 1963 sale. Under the foregoing analysis, he concludes that the 1963 sale was without consideration and therefore null and void as a simulation.
We do not agree with the plaintiff’s .interpretation of the declaration. The declaration of February 20, 1968, which was filed in the public records on July 28, 1971 and incorporated into the defendant bank’s Motion for Summary Judgment, established that the assumption of the $43,000.00 indebtedness was a consideration for both the 1960 and 1963 sales. After describing the properties and setting forth the pertinent facts involved in each sale, it reads partially as follows:
“NOW, THEREFORE, appearers do hereby declare and acknowledge that the consideration for both the hereinabove mentioned Act of Cash Sale dated September 28, 1960, recorded in Book 1526, folio 302, of the Conveyance Records of East Baton Rouge Parish, and the here-inabove mentioned Act of Sale with Assumption of Mortgage dated December 16, 1963, recorded in Book 1742, folio 148, of said Conveyance Records is incompletely and inaccurately set forth in *744 said instruments, and that in truth and in fact, one of the considerations for the execution and acceptance of both of the aforementioned sales and conveyances by appearers Walter Pilcher, Sr. and Mrs. Loretta W. Pilcher to appearer Tom T. Gillen was as follows:
The assumption by the said Tom T. Gillen to the full release and discharge of the said Walter Pilcher, Sr., and Mrs. Loretta W. Pilcher of that certain indebtedness in the amount of $43,000 owed by the said Walter Pilcher, Sr. and Mrs. Loretta W. Pilcher to the Louisiana National Bank of Baton Rouge, Louisiana, . . . ” (Emphasis supplied)
We acknowledge that the consideration cited in the 1971 declaration differs from that cited in both the sales. However, it has long been established in Louisiana that the real cause and consideration between the parties to a written contract involving the transfer of immovable property may be shown by any legal evidence, parol or written, even though it appears that the real consideration was different from the one expressed in the contract, Louisiana Civil Code, Article 1900; Sutton v. Cuppay, 41 So.2d 106 (La.App. Orleans 1949); Moore v. Pitre, 149 La. 910, 90 So. 252, 1921; Jackson v. Miller, 32 La.Ann. 432. In view of the above cited declaration, the defendant bank has shown that consideration did exist for the 1963 sale.
The declaration filed in 1971 established that some consideration for the 1963 sale was paid by Gillen to the Pilchers and under the well-established jurisprudence of this state, if any consideration, however small, is given for the property, the conveyance is not a simulation, Bagala v. Bagala, 237 La. 60, 110 So.2d 526 (1959). The plaintiff is -therefore not entitled to have the 1963 sale, which granted either an undivided one-half interest in, or complete ownership of, the 8 acre tract to Tom T. Gillen set aside on the ground that it was a simulation.
For the above and foregoing reasons, the judgment of the Nineteenth Judicial District Court, granting a Summary Judgment to the defendant, Louisiana National Bank of Baton Rouge, dismissing the plaintiff’s suit against said bank, is hereby affirmed at appellant’s cost.
Affirmed.