Dear Mr. Toups:
You have requested an opinion of the Attorney General, in your capacity as Legal Counsel for the Jefferson Parish School Board (Board), regarding the sale of unused school lands pursuant to R.S. 41:891, et seq. You specifically ask whether the Board can offer for public sale non-16th Section lands at a minimum price which exceeds the land's appraised and/or fair market values, and reject any and all bids failing to meet this price. You also ask whether the Board can sell this land subject to the requirement that the purchaser cannot take possession until two years after the sale.
In answer to your first question, we refer you to the R.S.41:891 and 892. Section 891 provides, in pertinent part, the following:
 § 891. Sale of unused school lands
 Whenever the school board of any parish or city determines that any school lands or other immovable property under its control are no longer needed for school purposes and that the best interest of the public school system would be served by the sale of such lands, the school board shall have authority to dispose of such lands at public auction or under sealed bids in accordance with the procedures set forth in this subpart; provided that this subpart shall not apply to the sale of sixteenth section lands.
The procedures to be followed for the sale of unused school lands are set forth in Section 892. It provides that the sale by public auction or sealed bids must be made by the president of the school board, but only after meeting minimum advertising requirements. Section 892 stipulates that, "The property shall be sold to the highest bidder upon such terms and conditions as the school board shall determine". It further provides that the school board shall reserve the right to reject any and all bids, and all bids shall be rejected in the event that the highest bid is not equal to the appraised value of the property to be sold.
As noted above, the law provides that the property shall be sold to the highest bidder upon such terms and conditions as theschool board shall determine. It is our opinion that this language clearly authorizes the Board to establish, as a minimum price, one that exceeds the appraised and/or fair market values. Should no bids be received that equal or exceed this minimum price, all bids may be rejected.
We are of the opinion that Section 892 establishes the appraised value of school lands as a minimum acceptable price for the sale thereof. It does not prohibit the Board from fixing a price in excess of this statutory minimum. To the contrary, such a price would constitute a "term and condition of the sale" which Section 892 leaves to the determination of the Board. We turn now to your second question, to wit: May the Board retain possession of the property for a period of two years after the sale?
Article 2477 of the Louisiana Civil Code provides that the delivery of an immovable is deemed to take place upon execution of the writing that transfers its ownership. Article 2480 further provides that when the thing sold remains in the corporeal possession of the seller, the sale is presumed to be a simulation. However, the jurisprudence of this state has recognized that a clause in a contract of sale which preserves to the vendor the privilege of remaining on the property for a relatively short duration, evidences nothing more than a right of use and habitation, and does not prevent the contract from taking effect as a sale. Chenevert v. Lemoine, et al., 27 So. 56 (1900) and Mut v. Mut 222 So.2d 100 (La.App. 1st Cir. 1969).
It should be noted that, under Article 2467 of the Louisiana Civil Code, the risk of loss of the thing sold due to a fortuitous event transfers to the seller from the buyer at the time of delivery. This should be taken into consideration for purposes of the proposed transaction.
Accordingly, it is the opinion of this office that, as long as valid consideration is received by the Board from the prospective purchaser, the sale is valid despite the fact that the vendor will retain possession of the property for a period of two years after that sale. This would, again, appear to be a valid term and/or condition of the sale which the Board may, in its discretion, establish.
Obviously, these two conditions may adversely affect the marketability of the property, a factor which the Board must also consider.
Trusting this adequately responds to your inquiries, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _______________________________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/sfj